## M. C. TOMBLER v. PALESTINE ICE COMPANY ET AL.

Delivered December 8, 1897.

**1. Pledge of Corporate Stock—Garnishment—Transfer on Books.**

Where corporate stock is transferred as collateral security by the delivery of the certificate therefor, with transfer in blank indorsed thereon, the pledgee or holder is entitled to protection as against a subsequent garnishment of the corporation for the debt of the registered stockholder, though such transfer of the stock may not have been entered upon the books of the corporation.

**2. Same—Sale After Debt Barred by Limitation.**

The holder of stock pledged as collateral security, notwithstanding the debt which the pledge is given to secure is barred by limitation, may enforce the payment of the debt through the sale of the property, if such right be originally given by the contract of the parties.

APPEAL from Anderson. Tried below before Hon. A. A. ALDRICH.

*Thos. B. Greenwood & Son* and *Greaves & Martin*, for appellant.

1. The Palestine Ice Company having been created under title 20 of the Revised Statutes of Texas (1879), its stock was transferable only on the books of the company, as prescribed by its by-laws, and no secret transfers of its stock could defeat or postpone a garnishment lien thereon, fixed without notice of such transfers. The court erred in failing to render judgment upon the agreed facts herein, decreeing plaintiff's garnishment lien superior to the rights of interveners in the stock of defendant Hogaboom. Rev. Stats. 1895, arts. 666, 4394; Const., sec. 3, art. 10; Rev. Stats. 1895, arts. 221, 225, 242, 243, 244; James v. James, 81 Texas, 373, 377; Rev. Stats. U. S., sec. 5139; Cattle Co. v. Burns, 82 Texas, 56; Iron Co. v. Lissberger, 116 U. S., 8, 29 L. Ed., 557, 558; Johnston v. Laflin, 103 U. S., 800, 26 L. Ed., 535; Moores v. Bank, 111 U. S., 156; 28 L.

Ed., 385; Bank v. Laird, 2 Wheat., 387; 30 Am. Law Rev., 223-234; 1 Am. and Eng. Corp. Cases, new series, front pages; Fisher v. Bank, 5 Gray, 373; Blanchard v. Gaslight Co., 12 Gray, 213; Dickson v. Bank, 129 Mass., 279; Music Hall v. Corey, 129 Mass., 435; Bank v. Williston, 138 Mass., 240; Fiske v. Carr., 20 Me., 301; Bank v. Burr, 24 Me., 256; Bank v. Culter, 49 Me., 315; Pinkerton v. Railway, 42 N. H., 424; Scripture v. Soapstone Co., 50 N. H., 571; Butterick v. Railway, 62 N. H., 413; Sabin v. Bank, 21 Vt., 353; Cheever v. Myers, 52 Vt., 66; Mfg. Co. v. Smith, 2 Conn., 579; Northrup v. Turnpike Co., 3 Conn., 544; Shipman v. Ins. Co., 29 Conn., 245; Colt v. Ives, 31 Conn., 25; Noble v. Turner, 16 Atl. Rep., 124; Brick Co. v. Mali, 65 Md., 93; State v. Commissioners, 21 Fla., 1; Ables v. Mobile R. E. Co., 92 Ala., 382; 9 So. Rep., 423; Bank v. Pinckard, 6 So. Rep., 364; Hardaway v. Semmes, 38 Ala., 657; Jones v. Latham, 70 Ala., 164, 3 Am. and Eng. Corp. Cases, 172; Fisher v. Jones, 82 Ala., 117; Koons v. Bank, 89 Ind., 302, 3 Am. and Eng. Corp. Cases, 176; State v. Bank, 89 Ind., 305; Coleman v. Spencer, 5 Blackf., 197; Bank v. Gridley, 91 Ill., 457; Otis v. Gardner, 105 Ill., 436; Ex Parte Murphy, 51 Wis., 519; State v. Conklin, 34 Wis., 21; Schufeldt v. Pease, 16 Wis., 659; Lumber Co. v. Bank, 16 Am. and Eng. Corp. Cases, 419, 32 N. W. Rep., 340; Mfg. Co. v. Hale, 39 Kan., 23; Conway v. John, 14 Colo., 30; Webber v. Bullock, 19 Colo., 214; Bank v. Hastings, 42 Pac. Rep., 691; Ditch Co. v. Elliott, 15 Pac. Rep., 691; Bank v. Folsom, 38 Pac. Rep., 423; Guerrew v. Pittineli, 10 Nev., 141; Beruth v. Marys, 9 Nev., 318; Weston v. Mining Co., 5 Cal., 186; People v. Elmore, 35 Cal., 653; Parrott v. Byers, 40 Cal., 614; Winter v. Mining Co., 53 Cal., 428; Barston v. Savage, 64 Cal., 388.

2. The court erred in adjudging the proceeds of sale of 101 of the shares of stock foreclosed on be first applied, after the payment of costs, to the discharge of the two notes of intervener, George C. Ball, because our laws deny any remedy through the courts for the assertion or enforcement of claims barred by limitations, and because intervener Ball has, through laches and neglect, lost the right to have this stock first applied to his debts. Rev. Stats. 1895, arts, 3356, 3358; Goldfrank v. Young, 64 Texas, 432; Fievel v. Zuber, 67 Texas, 275; Fuller v. O'Neal, 82 Texas, 417; Nix v. Cardwell, 2 Posey's U. C., 267; Riggs v. Hanrick, 59 Texas, 570; Noble v. Turner, 69 Md., 519; 26 Am. and Eng. Corp. Cases, 438.

3. Intervener Ball asked for no personal judgment against defendant Hogaboom upon the notes for which the stock was held by him as collateral security; and the proof showing that Hogaboom still owed the debt, and that intervener still held the stock as collateral security, the court properly directed that the proceeds of the sale of the stock should be applied first to the satisfaction of the debt for which it was pledged as security. Hudson v. Wilkinson, 61 Texas, 606; Adoue v. Seeligson, 54 Texas, 600; Hartranft's Appeal, 34 Am. St. Rep., 717; Note to Griggs v. Day, 32 Am. St. Rep., 716; Angell on Lim., sec. 173; Wood on Lim., 47, and note.

*S. A. McMeans*, for appellees Ball and Wheeler.—1. Appellees Ball and Wheeler being bona fide holders of the stock as collateral security, they had priority over a subsequent garnishing creditor without notice, although the transfer to them was never made upon the books of the corporation. Strange v. Railway, 53 Texas, 169; Cook on Stockh., secs. 381, 487; 2 Dan. on Neg. Inst., secs. 708e, 708f; Angell & Ames on Corp., 11 ed., secs. 353, 354; 2 Pom. Eq. Jur., sec. 700; Drake on Att., secs. 527, 608; Mora. on Corp., secs. 193, 196; 2 Thomp. on Corp., secs. 2412, 2413; Tied. on Com. Paper, sec. 497; Boone on Corp., sec. 122; Beach on Railways, sec. 335; 5 Am. and Eng. Encyc. of Law, 193; 18 Id., 612, 615; 23 Id., 635; Thurber v. Crump (Ky.), 6 S. W. Rep., 148; Railway v. Schuyler, 34 N. Y., 30; Lund v. Roller Mill Co., 52 N. W. Rep., 268; Wilson v. Railway, 18 S. W. Rep., 286; Robinson v. Bank, 95 N. Y., 637; McNeil v. Bank, 46 N. Y., 325; Bank v. Smalley, 2 Cowen, 770; Leitch v. Wells, 48 N. Y., 585; Cutting v. Damerel, 88 N. Y., 410; Comean v. Oil Co., 3 Daly, 218; Smith v. Coal Co., 7 Lans., 317; Bank v. Kortnight, 22 Wend., 384; Stebbins v. Ins. Co., 3 Paige, 350; Bank v. Georgetown, 2 Wheat., 391; Grymes v. Hone, 49 N. Y., 17; Smith v. Crescent, 30 La. Ann., 1378; Freidlander v. Slaughter-House Co., 31 La. Ann., 523; Crescent City v. Deblieux, 40 La. Ann., 155; Joslyn v. Distilling Co., 46 N. W. Rep., 337; Baldwin v. Canfield, 26 Minn., 43; Clark v. Bank, 61 Miss., 611; Bank v. McElrath, 13 N. J. Eq., 24; Rogers v. Stevens, 4 Halst. Ch., 16; Mt. Holly Co. v. Ferrie, 17 N. J. Eq., 117; Rogers v. Ins. Co., 8 N. J. Eq., 167; Finney's Appeal, 59 Pa. St., 398; Telford v. Gerhab, 13 Atl. Rep., 90; Eby v. Guest, 94 Pa. St., 160; Commonwealth v. Watmough, 6 Whart., 117; United States v. Vaughn, 3 Binney, 394; Cooley v. Railway, 39 Am. St. Rep., 609.

2. A provision for the record of transfers of stock to be made on the books of the corporation, as required by article 590, Revised Statutes of 1879, was intended for the benefit of the company, so that it might know who were legal shareholders, who entitled to vote at its meetings, receive dividends, and to whom it could safely issue new stock. Seeligson v. Brown, 61 Texas, 114; Strange v. Railway, 53 Texas, 169; Thurber v. Crump (Ky.), 6 S. W. Rep., 148.

FLY, ASSOCIATE JUSTICE.—This is a garnishment suit instituted by appellant as a creditor of one Ed Hogaboom, against the Palestine Ice Company. The latter, a private corporation, answered that Hogaboom had in his name, on the books of the company, 174 shares of stock, of the par value of $100 per share, but that George C. Ball asserted a claim to 101 of the shares, and O. Wheeler claimed the remaining 73 shares. Ball and Wheeler intervened, setting up that the shares had been deposited with them by Hogaboom, 101 with Ball and the remainder with Wheeler, as collateral security for debts owing to each respectively. Appellant, in his reply to the pleas of intervention, pleaded that the garnishee was a private corporation under title 20, Revised Statutes of Texas (1879), and that under its by-laws as well as the statutes all of its

stock was transferable only on the books. of the corporation, and that appellant had fixed a valid lien on the stock of Hogaboom, while it stood in his name, on the books of the corporation, without notice actual or constructive of any transfer. Appellant also pleaded the statute of limitation of four years against the claim of Ball. The cause was tried without a jury, and resulted in a judgment ordering the stock to be sold as under execution, and that the claim of the interveners be discharged before the claim of appellant was paid.

We find, as the conclusions of fact of this court, the statement of facts found in the record, which is as follows:

"That on May 2, 1896, the plaintiff instituted suit in the District Court of Anderson County against Ed Hogaboom for debt upon Hogaboom's promissory note, payable to plaintiff's order, for $6000 and interest, dated May 30, 1894, and due nine months from date, and that on December 14, 1896, plaintiff duly recovered a judgment in said suit against said Hogaboom for the sum of $6163.75, with 10 per cent per annum interest thereon from said date, and for all costs of suit, amounting to $———.

"That upon said May 2, 1896, plaintiff M. C. Tombler duly sued out a writ of garnishment, with a view to secure his said debt against the Palestine Ice Company, a private corporation created under title 20 of the Revised Statutes of Texas (1879), and doing business in the city of Palestine, Anderson County, Texas, which writ was on said day duly served on said company.

"That on May 14, 1884, the said Ed Hogaboom was the owner of 101 shares of stock of said Palestine Ice Company, of the par value of $100 each, evidenced by certificates No. 80 for fifty shares, No. 84 for twenty shares, and No. 81 for thirty-one shares, and said stock, at said time, stood in his name on the books of said company.

"That on the date last aforesaid, the said Hogaboom borrowed from the intervener, George C. Ball, $5000 in cash, executing and delivering to said Ball his note for said amount, dated said date, due one year after date, and bearing 10 per cent per annum interest, and also at said time transferred and delivered to said Ball as collateral security for said note the shares of stock aforesaid, such trannsfer being evidenced by the recitals of said note, as well as by the signature of the said Hogaboom to the following blank indorsement on the back of each of said certificates, viz.:

" 'For value received I hereby sell, assign, and transfer to ——————————————, ———— shares of the capital stock of the Palestine Ice Company, and do hereby constitute and appoint ——————————————— attorney to make the necessary transfer on the books of the company.'

" 'Done this ——— day of —————, A. D. 188—.
                        (Signed)      " 'ED HOGABOOM.'

"That on May 14, 1890, the said Hogaboom borrowed from said Ball the further and additional sum of $5000 in cash, executing and delivering

to said Ball, at said time, his note therefor, dated said date, due one year after date, and bearing 10 per cent per annum interest, and at said time it was agreed and stipulated orally between said Hogaboom and said Ball that Ball, then having the possession of the said shares of stock as collateral security for said note of May 14, 1884, should also hold the same in possession as collateral security for the said additional loan of $5000.

"That said notes have never been paid, either in whole or in part, except that the interest due on same has been paid up to and including May 14, 1895, and said Ball is still the legal owner and holder of said notes.

"That on March 1, 1893, the said Hogaboom was also the owner of seventy-three shares of stock of said Palestine Ice Company, of the par value of $100 each, evidenced by certificates No. 95 for thirty shares, No. 92 for twenty shares, No. 83 for nine shares, No. 99 for five shares, No. 61 for three shares, No. 86 for three shares, and No. 98 for three shares, and said stock at said time stood in his name on the books of said company.

"That on the date last aforesaid, the said Hogaboom borrowed from intervener O. Wheeler $8000, executing and delivering to him, at said time, his promssory note therefor, dated said date, due one year after date, and bearing 8 per cent per annum interest, and at said time he transferred and delivered to the said Wheeler, as collateral security for said note, the shares of stock last aforesaid, such transfer being evidenced by Hogaboom's signature to a blank indorsement on the back of each certificate of the same form as that set out in paragraph 5 of this agreement.

"That said note has not been paid either in whole or in part, except that the interest due thereon has been paid up to and including March 1, 1896, and that said Wheeler is still the owner and holder of said note.

"That said Ball and Wheeler have continuously held possession of said stock as collateral, since its delivery to them by Hogaboom.

"That no demand was made upon the Palestine Ice Company by either Ball or Wheeler for the transfer to them on the books of the corporation of the stock held by them as collateral prior to the service of the writ of garnishment in favor of plaintiff, but a proper demand for such transfer was made after the service of said writ, but such transfer was refused on account of the pendency of this suit.

"That each certificate of stock in the possession of Ball and Wheeler recites upon its face that the shares evidenced thereby 'are transferable only on the books of the company, in person or by attorney, on the surrender of this certificate,' and the by-laws of the company have always so provided.

"That the stock referred to and specified in the garnishee's answer herein at the time of the issuance and service of the writ of garnishment in favor of plaintiff, appeared and stood in the name of Ed Hogaboom on the books of the Palestine Ice Company, and plaintiff had no knowledge or notice of any transfer thereof for any purpose, or of the claims of interveners, or of any one else save Hogaboom thereto, until subsequent to the service and return of said garnishment."

The first assignment of error presents the proposition that the corporation having been created by the laws of Texas its stock was transferrable only on the books of the company, as prescribed by its by-laws, and no secret transfer of stock by a shareholder therein could defeat or post-pone a garnishment lien thereon obtained without notice of such transfer. Quite an array of authorities have been cited to sustain this proposition, many of which are not accessible to this court. Only two Texas decisions are cited, James v. James, 81 Texas, 373, and Cattle Company v. Burns, 82 Texas, 56, neither of which can be held authority for the contention of appellant. In James v. James the decision as to the transfer of national bank stock is made to rest on a statute of the United States; and in Cattle Company v. Burns, it is distinctly held that the stock in the company was assignable, independent of a formal transfer on the books. The decision in the case of Iron Company v. Lissberger, 116 U. S., 8, turned upon the statutes of Massachusetts, and the construction placed thereon by the State Supreme Court. All the other cited cases are made to turn upon the construction of local statutes, some of which provide in express terms that an attachment of stock shall be superior to an unregistered transfer of such stock. But the rule as laid down in New York, Pennsylvania, New Jersey, Minnesota, South Carolina, Texas, Kentucky, Louisiana, and the Federal Courts, is to the effect "that he who purchases for a valuable consideration a certificate of stock is .protected in his ownership of the stock, and is not affected by a subsequent attachment or execution levied on such stock for the debts of the registered stockholder, even though such purchaser has neglected to have his transfer registered on the corporate books, thereby allowing his transferrer to appear to be the owner of the stock upon which the attachment or execution is levied." Cook on Stock and Stockholders, sec. 487, and cases cited in support of the text.

The rule above stated has been definitely approved in this State. Strange v. Railway, 53 Texas, 162; Baker v. Wasson, 53 Texas, 150; same case, 59 Texas, 141; Seeligson v. Brown, 61 Texas, 114; Smith v. Bank, 74 Texas, 457.

In the case of Seeligson v. Brown, above cited, the facts were similar to those in the case now being considered, and the following language from Angell & Ames on Corporations was adopted and approved by the court: "Where transfers of stock are made without conforming to the requisitions of the charter or by-laws in making them, or having them registered on the books of the company, the better opinion decidedly is that the transfer passes to the purchaser all the right that the seller had; that such provisions were not intended to, and do not, incapacitate the owner of the stock from transferring it at his pleasure, by way of equitable assignment of his interest in it, subject to the charter rights of the corporation, which all must notice, or compel him to own it, unless the corporation allow him to sell against his will; and the only effect allowed to them seems to be that the purchaser can not claim a certificate of or a dividend upon the shares, unless he first applies for a transfer, according

to the charter and by-laws. Any other proper transfer is equally valid as between vendor and vendee, and even so as against a creditor of the vendor, who attached the shares before he or the corporation, through its officers, had notice of the transfer."

The evidence showed that more than four years had elapsed between the time the debt of Hogaboom to Ball became due and the filing of the attachment suit, and it is the contention of appellant that Ball was not therefore entitled to have his claim settled out of the proceeds of a sale of the stock. The proposition can not be sustained, for it is generally held that a pledgee, notwithstanding the debt which the pledge is given to secure may be barred by limitation, may enforce the payment of his debts through the sale of the property, if such right be originally given by the contract of the parties. Hudson v. Wilkinson, 61 Texas, 606; Goldfrank v. Young, 64 Texas, 432.

Hogaboom had placed the certificates in the possession of Ball as a security or pledge for the payment of his debts, and he could never have recovered the property without tendering the amount of his debt, and the attachment lien holder had no higher rights than the owner. Adoue v. Seeligson, 54 Texas, 594.

No personal judgment was asked for or obtained against Hogaboom by Ball.

There being no error in the judgment, it is affirmed.

*Affirmed.*

Writ of error refused.