OTTO ASSMAN ET AL. v. ANNA DITTMAN.

Application No. 2384. Decided October 19, 1899.

**1. Writ of Error—Reversed Cause—Overruling Former Decision.**

In order to give the Supreme Court jurisdiction to review, on the ground that it overrules a former decision, a judgment reversing and remanding, a well defined conflict between the two decisions must appear. (P. 37.)

**2. Same—Cases Distinguished.**

The ruling of the Court of Civil Appeals in this cause (52 Southwestern Reporter, 96), distinguished from that in Stephens v. Mathews, 69 Texas, 341. Though the grounds on which it is sought to distinguish a case from a former decision may be questionable, a decision professing to adhere to, but to distinguish, can not give the Supreme Court jurisdiction on the ground that it overrules. (P. 38.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Colorado County.

Mrs. Dittman commenced suit against Assman and others. Exceptions to plaintiff's petition were sustained, and suit was dismissed. Plaintiff appealed and judgment was reversed and the cause remanded, whereupon appellees sought writ of error.

*B. F. Baugh* and *Stayton & Berry*, for petitioners.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error to a judgment of the Court of Civil Appeals, which reversed the judgment of the District Court and remanded the cause. In order to show jurisdiction in this court, the appellant avers in his petition for the writ of error that the decision of the appellate court overrules the decision of this court in the case of Stephens v. Mathews, 69 Texas, 341. In order to give us jurisdiction of a reversed and remanded cause upon that ground, a well defined conflict between the two decisions must

appear. Bassett v. Sherrod, 90 Texas, 32. Such is not the case here. In the case of Stephens v. Matthews, it is held that where a note is given for the purchase money of land and a lien for the payment of the note is expressly reserved in the deed, and when the vendor assigns the note without the conveyance of the legal title to the assignee and the note has become barred by limitation, the latter can not, upon refusal of the vendee to pay the note, recover the land. In this case, the assignee, her note being barred, made the original vendor a party to the suit, alleged that he held the legal title for her benefit, and prayed a recovery of the land. The Court of Civil Appeals holds that she is entitled to the remedy. Whether the making the vendor a party gave the plaintiff the right to recover is a question; but it is not the question decided in the case which is claimed to have been overruled.

We are of opinion that we have no jurisdiction over the case, and the application for the writ of error is therefore dismissed.