## Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company v. J. E. Strawn.

No. 809. Decided October 26, 1899.

**1. Limitation—Who May Assert It.**

The holder of notes secured by lien can not assert limitation to defeat the lien of another note having the same security, where the maker of the notes and owner of the land foreclosed on makes no defense. (Pp. 49, 50.)

**2. Same.**

Three purchase money notes being secured by the same lien, the holder of two sued the maker for debt and foreclosure (the latter making no defense) and plead limitation against the holder of the third note, who, being made a defendant, also sought foreclosure. Held, that plaintiff could not avail himself of the bar. (Pp. 49, 50.)

**3. Same—Cases Distinguished.**

This case distinguished from those permitting a purchaser of the land to assert limitation against a lien created by his vendor. (P. 50.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The suit was by Strawn against Bassett and the Trust Company. Plaintiff had judgment and the company appealed and on affirmance obtained writ of error.

*Harris, Etheridge & Knight,* for plaintiff in error.—The court erred in not decreeing a foreclosure of the vendor's lien in favor of this defendant as prayed for by it, in that the defendant Bassett, the maker of the note declared upon by this defendant, interposed no defense, and it had a personal judgment against him, and such personal judgment operated to keep its debt alive, and as long as said debt existed the vendor's lien, which was but a mere incident of the debt, also existed and should have been foreclosed, and the court erred in not so holding. Slaughter v. Owens, 60 Texas, 670; Beck v. Tarrant, 61 Texas, 404; Ware v. Bennett, 18 Texas, 801; Allen v. Smith, 129 U. S., 465; 13 Am. and Eng. Enc. of Law, 706, 707, and notes.

We are aware that subsequent purchasers and junior incumbrancers can set up limitation as against the debt sued on (2 Texas Civil Appeals, 498; 54 Texas, 401; 48 Texas, 110); but appellee was neither. Upon the contrary, appellant and appellee were co-ordinate lienors. 40 Texas, 287; 45 Texas, 633; 49 Texas, 363; 50 Texas, 323; 52 Texas, 12; 55 Texas, 247; 78 Texas, 672; 1 Texas U. C., 371.

The court erred in holding that the plaintiff has the right to plead the statute of limitation against the claim of lien asserted by this defendant when no such defense was made by Bassett, the maker of the note, in that the law permits Bassett to pay or suffer judgments for an honest debt, and does not compel him to interpose the defense of limitations thereto, and the plaintiff in this case, being a stranger to the

transaction and being only a co-ordinate lienor, has no right to interpose either on his own behalf, or on the behalf of Bassett, the defense of limitation.

*Philip Lindsley,* for defendant in error.—Appellant contends that the legal effect of the personal judgment keeps in existence a vendor's lien in his favor, although a part of this same judgment expressly declares appellant's lien is barred by limitation. Now, in both the cases of Slaughter v. Owens, 60 Texas, 670, and Beck v. Tarrant, 61 Texas, 404, cited by appellants, the suits were upon judgments rendered years before. Ware v. Bennett, 18 Texas, 801, does not sustain appellant's contention at all. Allen v. Smith, 129 U. S., 465, simply holds the debtor himself can waive the plea of statute of limitation—a principle universally conceded.

WILLIAMS, Associate Justice.—Bassett purchased a tract of land, executing for the purchase money three promissory notes maturing at different times. Strawn became the owner of two of the notes and the Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company, plaintiff in error, became the owner of the other. Strawn sued Bassett and the plaintiff in error and other persons not now before the court to recover of Bassett the amount due upon the two notes, and against plaintiff in error for a foreclosure of the lien. Plaintiff in error, in its answer, declared upon the note held by it and also sought a foreclosure of the vendor's lien. Four years having elapsed between the maturity of this note and the filing of the suit, the plaintiff Strawn pleaded the statute of limitations in bar of the relief sought by the plaintiff in error. Bassett made no defense. The District Court and the Court of Civil Appeals sustained the plea of limitation, allowing a foreclosure in favor of Strawn, but denied a foreclosure in favor of plaintiff in error, giving it only a personal judgment against Bassett. The question is thus presented, whether or not, there being no plea by Bassett, the defendant, Strawn should have been allowed to set up limitation against the holder of the other note. We are of opinion that this question should be decided in the negative, and that the judgments of the District Court and of the Court of Civil Appeals were erroneous.

The notes, when executed, carried equal liens upon the property as well as personal liability on the part of their maker. The purchasers of the notes acquired equally the right to a judgment against the maker of the notes and to a lien upon the property to secure their payment, and this was the extent of their rights growing out of the original transactions. Nothing has since occurred to invest either of such holders with any other or superior right. Neither of them stands in the shoes of Bassett, no transaction having taken place by which either of them was invested with any right which Bassett may have had to defend the land against the assertion of a lien upon it. Bassett still owns the land and

owes the debt, and the privilege of protecting himself under the statute of limitations is still his. If all the notes had been barred, the defendant could have defeated the action entirely by the plea. Does it follow that each of the plaintiffs could have set up the plea against the other and have thus forced a judgment in favor of a defendant making no defense? Defendant in error's contention would lead to this. The case differs from those which have been heretofore decided by this court in which a purchaser of land charged with a lien to secure a debt has been held to be entitled to assert against the holder of the lien the statute of limitations barring the debt. In those cases, such purchaser, by a transaction subsequent to the creation of the lien, had become invested with all the rights of the owner of the land with respect to it. This was held to include the right which such owner would have had to set up limitation against the debt secured by lien on the land. Whether this was a sound conclusion or not is not the question. It plainly rested upon the existence of the very facts which distinguish those cases from the one now before us, and we are not inclined to extend the rule further than it has already been carried by previous decisions.

The judgment of the District Court and the Court of Civil Appeals will therefore be reversed and judgment will be here rendered in accordance with this opinion.

*Reversed and rendered.*