## J. F. BRINKERHOFF v. ROBERT E. GOREE.

Decided March 9, 1904.

**1.—Trust Deed—Sale—Limitation.**

A trustee may sell, under the power conferred on him by a trust deed, though the debt it was given to secure is barred by limitation, nor does such limitation bar a suit by the purchaser at such sale to recover the land. Goldfrank v. Young, 64 Texas, 432, and Dimmit County v. Oppenheimer, 42 S. W. Rep., 1029, followed; and McKeen v. James, 23 S. W. Rep., 676, and Fievel v. Zuber, 67 Texas, 275, distinguished.

**2.—Abandonment of Claim.**

Evidence considered and held insufficient to compel a conclusion that the holder of a debt secured by trust deed but barred by limitation had abandoned his claim.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*E. A. McKenney* and *W. L. Radney,* for appellant.

*Sleeper & Kendall,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellee to recover lots 4, 5, 6, 7, 8, 9, 10, 11 and 12, block 10, Bagby addition to the city of Waco. J. F. Bagby was the common source of title. On August 20, 1892, he executed to Horace Pickett, trustee, a deed of trust to secure the payment of a note for $3500, due three years after date, with interest, attorney's fees, etc., payable to Mrs. Annie W. Cole. The deed of trust provided for a sale by the trustee, and also authorized the appointment of a substitute trustee, in case of the failure or refusal of said Pickett to act. This deed of trust was duly recorded in McLennan County.

On June 12, 1902, Horace Pickett, the original trustee, declined to act as such, and on June 20, 1902, Mrs. Cole being still the owner and holder of said note, appointed Robert E. Goree to act as substitute trustee; and on August 8, 1902, after proper advertisement, said Goree, as substitute trustee, regularly sold said property for $1090, and executed a proper conveyance therefor to said Mrs. Cole. On February 18, 1903, Mrs. Cole by warranty deed conveyed said property to said Goree. The foregoing facts constituted appellee's evidence of title.

Appellants relied on the following evidence: On May 5, 1900, J. F. Bagby was adjudged a bankrupt, and on May 4, 1900, R. H. Rogers was duly qualified as his trustee in bankruptcy. May 4, 1900, said R. H. Rogers, as trustee in bankruptcy of said J. F. Bagby, executed to J. F. Brinkerhoff a conveyance for said property. The evidence also showed certain payments made upon the note by Bagby and one Berlowitz, the last payment by Bagby appearing to have been made December 11, 1894.

*Opinion.*—The first assignment of error complains of the judgment in

favor of appellee because the note held by Mrs. Cole was barred by limitation at the time the sale was made under the deed of trust. It is no longer an open question in this State whether a sale can be made by a trustee who is fully authorized to do so by the terms of the instrument, after the debt itself is barred by the statute of limitations. Goldfrank v. Young, 64 Texas, 432; Fievel v. Zuber, 67 Texas, 275.

It is insisted, however, that because it was necessary for the purchaser at such sale to institute this suit in order to recover the property, that this action is, in effect, an effort to enforce through a court the collection of the barred indebtedness. This question, however, has been definitely settled in the case of Dimmitt County v. Oppenheimer, 42 S. W. Rep., 1029, in which a writ of error was refused by the Supreme Court. In that case, where a similar sale was under investigation, it is said:

"The fact that possession remained in the mortgagor and those holding under him does not affect the exercise of the power of sale, or the force of the trustee's deed. The case of McKeen v. James, 23 S. W. Rep., 461, and Fievel v. Zuber, are not authority for the contention of appellant that the mortgagor or his grantee in possession may, in a suit for possession, brought by the purchaser at the trustee's sale, show that the debt was barred at the time of the sale. Such rule, or any rule that would not recognize the force of the trustee's deed, would be equivalent to denying the trustee the right to execute the power. If he had power to sell, his deed operated to convey title against the mortgagor and those holding under him."

This is clearly the only correct view that can be taken of this question, and it disposes of appellant's contention under this assignment.

Under the second assignment of error, it is insisted that the circumstances and testimony in the case authorized the purchaser at the bankrupt sale to presume that Mrs. Cole had abandoned her claim under the deed of trust. It is unnecessary to determine whether under the evidence this became an issue of fact for the court to decide. We think it is quite clear that the evidence was not so conclusive as to compel the court to find that there had been an abandonment of the debt, but that his conclusion that the debt had not been abandoned is justified under the evidence in the record.

There being no error in the judgment, it is affirmed.

*Affirmed.*