MILLER, HIERSCHE, MARTENS
& HAYWARD, P.C., et al.,
Appellants,

v.

BENT TREE NATIONAL
BANK, Appellee.

No. 05–94–01001–CV.

Court of Appeals of Texas,
Dallas.

Feb. 1, 1995.

Wayne R. Miller, Wayne R. Miller, P.C., Dallas, for appellants.

Charles A. Gall, James W. Bowen, Jenkens & Gilchrist, Dallas, for appellee.

Before OVARD, BARBER and DEVANY, JJ.

## OPINION

DEVANY, Justice.

Miller, Hiersche, Martens & Hayward, P.C., Sherwood Blount, Jr., and Parkway Realtors, Inc. f/k/a Sherwood Blount and Company Realtors appeal the trial court's summary judgment permitting appellee Bent Tree National Bank to foreclose on collateral to satisfy a debt owed by Parkway Realtors. In two points of error, appellants contend that the trial court erred in granting Bent Tree's summary judgment motion and in denying appellants' summary judgment motion. We overrule appellants' points of error. We affirm the trial court's summary judgment.

The predecessor to Parkway Realtors, Inc. executed a note for $675,000 payable to Bent Tree National Bank on March 31, 1988. The note was guaranteed by Sherwood Blount, Jr. On that same date, the maker of the note executed a security agreement whereby the maker granted a security interest to Bent Tree in certain shares of certificated securities. Simultaneously, Blount executed a hypothecation agreement wherein he granted a security interest to Bent Tree in those securities. Bent Tree took possession of those certificates.

The note matured on October 3, 1988, but was not paid. The statute of limitations on the note ran on October 3, 1992. On February 17, 1994, Bent Tree gave notice to Blount and others of its intent to foreclose on the certificates. On March 3, 1994, Miller, Hiersche, Martens & Hayward, P.C. notified Bent Tree that it had obtained a subsequent nonpossessory security interest in the certificates to guarantee an account receivable from Blount and that, pursuant to said secu-

rity interest agreement, it had foreclosed on the certificates. Bent Tree filed a lawsuit the next day to determine its rights in the certificates, in its possession.

■ The question raised in this appeal concerns the right of a collateral holder to foreclose on its collateral after the statute of limitations has run on the underlying debt. The trial court below granted summary judgment in favor of Bent Tree. Appellants, the Miller partnership, Blount, and Parkway Realtors, present two points of error. First, they complain that the trial court erred in granting Bent Tree's Motion for Summary Judgment. Second, the trial court erred in failing to grant their motion for summary judgment. The parties agree that resolving the question of whether a collateral holder may foreclose on its collateral after the running of the statute of limitations is dispositive of this appeal.

■ Our review of the law of this state indicates that historically the defense of limitations may not be interposed by one not in the position of the debtor. *Columbia Ave. Sav. Fund v. Strawn,* 93 Tex. 48, 53 S.W. 342, 342–43 (1899). The defense is a personal privilege which may be asserted or waived at the election of the debtor or those in privity. There is a series of cases which support this historically accepted premise. *See Kiel v. Staber,* 116 S.W.2d 809, 811 (Tex. Civ.App.—Amarillo 1938, writ ref'd); *Johnson v. Snaman,* 76 S.W.2d 824, 828 (Tex.Civ. App.—Austin 1934, writ ref'd); *Fenstermaker v. City of San Antonio,* 283 S.W. 883, 884 (Tex.Civ.App.—San Antonio 1926), *aff'd,* 290 S.W. 532 (Tex.Comm'n App.1927, judgm't adopted); *Stewart v. Tolar & Daniel,* 250 S.W. 274, 276 (Tex.Civ.App.—Beaumont 1923, no writ); *Raley v. D. Sullivan Co.,* 159 S.W. 99, 102 (Tex.Civ.App.—San Antonio 1913), *rev'd on other grounds,* 207 S.W. 906 (Tex.Comm'n App.1919).

In 1929, the Waco Court of Civil Appeals of Texas, stated:

The fact that an action for recovery of a debt is barred by the statute of limitation does not destroy the debt. The bar affects the remedy only. The right of the creditor to receive payment continues after the bar, and will support a new promise of payment or justify the sale of pledged property by the pledgee under power either express or implied, and the application of the proceeds of such sale to the discharge of such debt. In such cases the debtor cannot enjoin the sale without tendering payment of the debt, notwithstanding such bar. *Goldfrank, Frank & Co. v. Young,* 64 Tex. 432, 434, 437; *W.B. King & Co. v. T.B. & Ins. Co.,* 58 Tex. 669, 673, 674; *Hudson v. Wilkinson,* 61 Tex. 606, 609; *Fievel v. Zuber,* 67 Tex. 275, 279, 3 S.W. 273; *Tombler v. Palestine Ice Co.,* 17 Tex.Civ.App. 596, 43 S.W. 896, 898 (writ refused); *Brinkerhoff v. Goree,* 35 Tex.Civ.App. 142, 79 S.W. 592, 503.

*Central Nat'l. Bank v. Latham & Co.,* 22 S.W.2d 765, 768 (Tex.Civ.App.—Waco 1929, writ ref'd).

In 1971, the Waco Court of Civil Appeals restated the foregoing as follows:

The preliminary general rules applicable here were outlined by Chief Justice [Gallagher] in Central Nat. Bank v. Latham: (1) the fact that an action for recovery of a debt is barred by limitation does not destroy the debt, and the creditor's right to receive payment continues after the bar; and (2) the right of the holder of collateral security to recover in a suit on the collateral obligation is not affected by the fact the principal obligation is barred.

*Gallaher v. American–Amicable Life Ins. Co.,* 462 S.W.2d 626, 628 (Tex.Civ.App.— Waco 1971, writ ref'd n.r.e.).

We note that section 16.035(b) of the Texas Civil Practice and Remedies Code provides:

A sale of real property under a power of sale in a mortgage or deed of trust that secures a lien debt must be made not later than four years after the day the cause of action accrues.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.035(b) (Vernon 1986). However, this section only applies to real property and we are not directed to any case where section 16.035 extends to personal property.

The fact that one cannot bring a lawsuit to collect on a chose in action, where the statute of limitations has run, has consistently been treated as a personal defense which must be pleaded by the defendant. We believe that

the limitation which bars a lawsuit is based upon the principle that a certain passage of time must bring an end to the filing of a claim because of the difficulty of proving claims after such time has elapsed. *See Robinson v. Weaver,* 550 S.W.2d 18, 20 (Tex. 1977); *Hallaway v. Thompson,* 148 Tex. 471, 226 S.W.2d 816, 820 (1950); *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319, 320 (1941).

However, where one holds the personal collateral to guarantee a debt, the holder should be able to keep the collateral, or, if the terms of the agreement so provide, sell the collateral and satisfy the debt. This is what the parties bargained for when the debt was created and creates no hardship on the debtor. If there is a deficiency in the collateral, the creditor is barred from collecting the deficiency. *See* TEX.BUS. & COM.CODE ANN. § 9.504(b), 9.505(b) (Tex. UCC) (Vernon 1991); *Tanenbaum v. Economics Lab., Inc.,* 628 S.W.2d 769, 771 (Tex.1982). A debtor can induce a lender to lend money when payment is guaranteed. To insure that the guarantor will honor his promise, collateral is placed with the lender. When the debt is not paid as agreed, the lender may look to the collateral in his hands. We call such lenders secured parties. *See* TEX.BUS. & COM.CODE ANN. § 9.105(a)(13) (Tex. UCC) (Vernon 1991).

█ We hold that Texas has consistently followed the legal principle that the statute of limitations may bar an action to recover on a debt, but the debt still exists and the holder of collateral may use the collateral to repay the debt according to the terms of the collateral agreement. *See Fievel v. Zuber,* 67 Tex. 275, 279, 3 S.W. 273, 274 (1887); *Gallaher,* 462 S.W.2d at 628; *Central Nat'l Bank,* 22 S.W.2d at 768; *Brinkerhoff v. Goree,* 79 S.W. 592, 593 (Tex.Civ.App.1904, no writ); *Tombler v. Palestine Ice Co.,* 43 S.W. 896, 898 (Tex.Civ.App.1897, writ ref'd). Therefore, the trial court did not err in granting Bent Tree's motion for summary judgment thereby allowing Bent Tree to foreclose on the certificated securities.

The judgment of the trial court is affirmed.