IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00247-CV

 

Myra A. Abendschein and 

Gerry A. Abendschein,

                                                                                    Appellants

 v.

 

GE Capital Mortgage Services, Inc.,

                                                                                    Appellee

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2001-1426-3

 



MEMORANDUM  Opinion










 

        Abendschein appeals the trial
court’s summary judgment in favor of GE.  We affirm.

        In Abendschein’s one issue,
she contends that the trial court erred in granting GE’s no-evidence
summary-judgment motion.

[A] party without presenting summary judgment
evidence may move for summary judgment on the ground that there is no evidence
of one or more essential elements of a claim or defense on which an adverse
party would have the burden of proof at trial. . . .  The
court must grant the motion unless the respondent produces summary judgment
evidence raising a genuine issue of material fact.

Tex. R. Civ.
P. 166a(i).  “We review the evidence
presented by the motion and response in the light most favorable to the party
against whom the summary judgment was rendered, crediting evidence favorable to
that party if reasonable jurors could, and disregarding contrary evidence
unless reasonable jurors could not.”  Mack Trucks, Inc. v. Tamez, 206
S.W.3d 572, 582 (Tex. 2006).  “The reviewing court considers only the evidence
before the trial court at the time of the summary judgment motion hearing.”  Williamson
v. Williamson, 986 S.W.2d 379, 380 (Tex. App.—El Paso 1999, no pet.); see
Mathis v. Restoration Builders, Inc., 231 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

        When “the trial court’s order
does not specify the grounds for its summary judgment, we must affirm the
summary judgment if any of the theories presented to the trial court and
preserved for appellate review are meritorious.”  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); accord Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

        Abendschein sued for a
declaratory judgment to the effect that GE’s foreclosure of its security
interest in real property was barred by limitations.  The trial court’s order
granting GE’s motion for summary judgment did not state the grounds on which
the court granted the motion.  One ground of GE’s motion was that Abendschein
was not in privity with GE’s third-party debtors, and thus could not assert the
defense of limitations.

       As a general rule, . . . the
defense of limitation may not be interposed by one not in the position of the
debtor.  Columbia Ave. Saving Fund, etc. v. Strawn (1899), 93 Tex. 48,
53 S.W. 342; and is a personal privilege which may be asserted or waived at the
election of the debtor or those in privity.  Cases cited, 37 Tex.Jur.2d,
Limitation of Actions, Sec. 25.

Gallaher v. American-Amicable Life
Ins. Co., 462 S.W.2d 626, 628
(Tex. Civ. App.—Waco 1971, writ ref’d n.r.e.); accord Miller, Hiersche,
Martens & Hayward, P.C. v. Bent Tree Nat’l Bank, 894 S.W.2d 828, 829
(Tex. App.—Dallas 1995, no writ); see Columbia Ave. Sav. Fund, Safe Deposit,
Title & Trust Co. v. Strawn, 93 Tex. 48, 49-50, 53 S.W. 342, 342-43
(1899); Woodside Assurance, Inc. v. N.K. Res., Inc., 175 S.W.3d 421,
425-26 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  “Privity, in this
connection, means the mutual or successive relationship to the same rights of
property.”  Amstadt v. United States Brass Corp., 919 S.W.2d 644, 653 (Tex. 1996) (quoting Kirby Lumber Corp. v. S. Lumber Co., 145 Tex. 151, [154,] 196
S.W.2d 387, 388 (1946)).         

        In Abendschein’s response to
GE’s motion, she points only to GE’s deemed admissions concerning a loan by
GE’s predecessor in interest to third parties.[1]  Abendschein does not point to evidence that she
was in privity with the third-party debtors.

        The evidence being viewed in
the light most favorable to Abendschein, the trial court did not err in
granting GE’s motion for summary judgment.  We overrule Abendschein’s issue.

        Having
overruled Abendschein’s sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed December 12, 2007

[CV06]            









          [1] Abendschein’s
requests for admissions were as follows:

1.       You
accelerated maturity of a debt owed to you by John David Walts and Rhonda Faye
Walts on or before March 19, 2001.

2.       The debt
described in Request No. 1 was secured by a deed of trust encumbering Lot 20 of
the Cedar Ridge Estates, Part 1, a subdivision to McLennan County, Texas,
according to the amended plat of said subdivision recorded in Volume 1180, page
651 of the Deed Records of McLennan County, Texas.

3.       John David
Walts and Rhonda Faye Walts did not sign a reinstatement agreement concerning
the debt described in Request No. 1 after March 19, 2001.

4.       The
document attached as Exhibit 1 is a true and correct copy of a Notice of
Acceleration and Notice of Posting & Foreclosure that you sent to John D.
Walts.

5.       The
document attached as Exhibit 2 is a true and correct copy of a Notice of
Trustee’s Sale that you sent to John D. Walts.

6.       On or
before April 10, 2001, you filed with the County Clerk of McLennan County, Texas a notice of trustee’s sale giving notice of a trustee’s sale on May 1, 2001 of the
property described in Request Number 2.      

(I C.R. at 100.)  A Notice
of Acceleration and Notice of Posting & Foreclosure, and a Notice of
Trustee’s Sale were attached.