THIRD NATIONAL BANK OF BOSTON *vs.* EASTERN RAILROAD COMPANY & others.

Suffolk.    Jan. 8. — Mar. 7, 1877.·  ENDICOTT & LORD, JJ., did not sit.

A creditor of the Eastern Railroad Company, who holds its promissory note, and, as collateral security for the same, three other notes of the corporation, with coupons attached, of a kind regularly quoted in the market, is entitled, under the St. of 1876, c. 236, to prove only the amount of the original note against that corpo-ration.

PETITION against the Eastern Railroad Company and the trus-tees of the same, appointed under the St. of 1876, c. 236.    The respondents filed a demurrer.    Hearing before *Devens*, J., upon the petition and demurrer, who reserved the questions arising thereon for the consideration of the full court, in whose opinion the case is stated.

C. A. Welch & M. Williams, Jr., for the petitioner.

R. Olney, for the respondents.

COLT, J.    The St. of 1876, c. 236, entitled "An act for the relief of the Eastern Railroad Company and the securing of its debts and liabilities," provides, in §§ 6, 7 and 8, a mode for determining the liability of the corporation upon all disputed claims which can be the subject of an action at law either in contract or tort.    Under these sections, this court may appoint, on the petition of any person asserting such claim, three com-missioners, from whose decision it is provided that an appeal may be taken to the Superior Court or to this court according to the amount involved.    Under § 9 any person, holding against the corporation any other liability, may apply to this court in equity and have his rights established and defined.

The main purpose of the act is to secure the property of the corporation and its earnings to the payment of its creditors equally.    This is accomplished by means of a trust mortgage creating a lien upon the property and its earnings in favor of all

the creditors, to whom certificates of indebtedness are to be issued when the amount of their respective claims is agreed upon, or is ascertained in the mode pointed out by the statute.

The petitioning bank claims in the case at bar that it holds a certain promissory note of $30,000 of the Eastern Railroad Company issued in the ordinary form, and, as collateral security for this note, holds three other notes of the same corporation, each for the sum of $10,000, payable ten years from date, with interest coupons annexed, which last named notes, it is alleged, have been regularly quoted in the market, and have had a market value since they were given to the plaintiff.

A decree is asked for by the bank, under which either it may receive certificates of indebtedness for both the principal debt and the so called collateral security, that is to say, for the full amount of the four notes ; or may be allowed to sell the collateral security, and take a certificate for the balance, after applying the proceeds to the payment of the first note.

No question of the jurisdiction of this court over the petition in its present form was specifically raised by demurrer or otherwise, or made at the argument.  By the statute, this court clearly has jurisdiction in some form to pass upon a claim of the nature and amount set forth in the petition, either through the appointment of commissioners and appeal from their decision under § 7, or by a hearing in equity under § 9.  It is important to the interests of all concerned that the questions presented should be speedily disposed of on their merits.  We have not therefore thought it necessary to consider which should be deemed the more appropriate form of submitting these questions, or whether that part of § 7 is valid, which provides for an appeal, as to claims of less amount, from the decision of commissioners, appointed by this court, to a lower court.

Upon a careful examination of the act, we are of opinion that the petitioner is not entitled to the decree asked for.  The construction contended for is not warranted by the terms of the act, and is in direct conflict with its manifest purpose.  That purpose is to give to all the actual creditors of an embarrassed corporation, without regard to the nature of their claims, or the form of the contract under which they have arisen, an equal participation in the security afforded by the mortgage.  To this

end existing debts and liabilities are extinguished, and a new liability secured by mortgage created. Section 4 declares that certificates of indebtedness shall be delivered by the trustees to the creditors of the corporation in exchange, to an equal amount, for its existing debts and obligations, as the same shall be ascertained and liquidated under the provisions of the subsequent sections. For the purpose of ascertaining and liquidating the debts, the trustees, by § 5, are authorized to adjust with the creditors the amount of their several debts and claims, and to make up the same as cash to a day named, and it is declared that the amount so determined shall be the sum for which each creditor holding " such adjusted and ascertained claim " shall be entitled to receive an equal amount of certificates of indebtedness under the act.

The creditor is not compelled to come in under the St. of 1876 and prove his debt and take his certificate. But if he does, he must come in on terms of equality with the rest. He cannot directly or indirectly be allowed double proof in respect of the same debt, although he may hold two separate contracts for its payment, nor, upon the facts here presented, can he transfer his contracts or sell the same in such way as to give to different persons the right to full proof of each. The coupon notes in question cannot, in the original creditor's hands, be regarded as existing debts and liabilities within the meaning of the act, or as securities which can be availed of by the creditor so as to give him any advantage over others. A debtor's liability to his creditor, where other creditors are concerned, is not increased by increasing the number of his promises to pay the same debt, in whatever form he may make them. To hold otherwise would be to enable the debtor to incumber his assets by a new method, greatly to the prejudice of all other creditors.

The case of *Royal Bank of Liverpool* v. *Grand Junction Railroad & Depot Co.* 100 Mass. 444, cited by the petitioner, does not conflict with this result. It was an action at law upon certain bonds, and the defence was that part of the bonds was delivered as security for the others. The defence was unavailing, because a seal imports a good consideration, and the holders could maintain an action if the delivery had been gratuitous. The fact that part was held as security, it was said, could not

be availed of until the real indebtedness had been paid. Until then there was apparently no equity, and no defence at law, upon all the securities. In the case at bar, the petitioner's rights must be regulated by the act in question, rightly interpreted.

The recent English case of *In re Regent's Canal Ironworks Co.* 3 Ch. D. 43, was a case where the creditor held the debentures of his debtor, secured by mortgage, as security for an actual debt of less amount for money borrowed; and the company being in liquidation, he was properly allowed to prove all his debentures *pari passu* with the other debenture holders, because otherwise he could not reach his share of the property mortgaged, as to which he had priority over other creditors.

In *Morris Canal & Banking Co.* v. *Fisher*, 1 Stockt. 667, there is some discussion of the rights of a creditor holding coupon bonds of his debtor as security for a simple contract debt, but it is important to be borne in mind that in that case, as in the English case referred to, the bonds were part of a limited amount secured by mortgage, and that the transaction operated to give the creditor the benefit of the mortgage security. There is nothing in the decision in conflict with the result we reach, and great doubt is expressed whether a debtor's own obligation has ever been held to be a pledge which can be sold in the market and applied as such. See also *In re Xeres Wine Shipping Co.* L. R. 3 Ch. 771.

*The petitioner is allowed single proof of its debt only.*