INTERNATIONAL TRUST CO. v. UNION CATTLE Co. *et al.* AMERICAN LOAN & TRUST Co. v. SAME. FAY *et al.* v. SAME.

(November 15, 1892.)

INSOLVENT CORPORATION—DIVIDENDS—COLLATERAL SECURITY.

1. The creditor of an insolvent corporation is entitled to a dividend only on what is actually due him, and has no right to an allowance on account of negotiable bonds of the company representing no indebtedness, which he claims to hold as collateral security.

2. One personal obligation cannot constitute collateral security for another obligation of the same debtor.

Error to district court, Laramie county; RICHARD H. SCOTT, Judge.

Applications by the International Trust Company, the American Loan & Trust Company, and Henry H. and J. S. Fay, Jr., for dividends on alleged indebtedness of the Union Cattle Company, insolvent, of which Frederick P. Voorhees is receiver. From refusal to allow the claims the claimants bring error. Affirmed.

*Potter & Burke,* for plaintiffs in error. *Lacey & Van Devanter,* for defendants in error.

CONAWAY, J. These three cases present the same question, and, by agreement of counsel and order of the court, have been argued and submitted together. The Union Cattle Company, one of the defendants, is an insolvent corporation. Frederick P. Voorhees, the other defendant, is sole receiver, in possession and control of all the assets, of the insolvent company, for the purpose of winding up its affairs under the direction of the district court, which, on petition of certain creditors, appointed him as receiver. He reports $168,-000 on hand for distribution among the creditors. The plaintiffs in error are creditors holding the promissory notes and negotiable bonds of the company to large amounts as evidence of the indebtedness of the company to them. They also hold the negotiable bonds of the insolvent company for further large amounts, but not representing any further actual indebtedness, but, as they claim, as collateral security for the payment of the actual indebtedness. Plaintiffs claim dividends upon these bonds, as well as upon the bonds and notes representing actual indebtedness, until such indebtedness is fully paid. The district court denied the claim for dividends on the so-called collateral security. By several assignments of error the plaintiffs in error raise in this court the sole question of the correctness of this order of the district court. This is a case of insolvency, and the object of the suit, as authorized by the law, is to wind up the affairs of the insolvent company, convert its assets into money, and apply the money, *pro rata,* in payment of the debts. Plaintiffs seek more than a *pro rata* payment on the actual indebtedness of the company to them. The mere statement of the case would seem to exclude plaintiff's claims, in the absence of any lien upon or pledge of any specific assets. Plaintiffs derive the right to dividends upon these collateral bonds from the law of collateral securities. They cite Colebrooke on Collateral Securities to show that the creditor may proceed to collect both the principal debt and the collateral securities at the same time. This is good law, and the inference is unavoidable that, if plaintiffs can collect both the actual debt and these additional bonds, they are entitled to dividends on both. But Colebrooke, in his discussion of the subject, never admitted the idea that one personal obligation of the debtor could become collateral security for another obligation of the same debtor. He says, at section 2: "Collateral security is a separate obligation, as the negotiable bill of exchange or promissory note of a third person, or other representative of value, indorsed, where necessary, and delivered by a debtor to his creditor, to secure the payment of his own obligation, represented by an independent instrument. * * * The transfer, however, of the debtor's own negotiable promissory notes as collateral security for the payment of other notes made by him does not come within any definition of 'collateral security,' nor where the proposed collateral security is the negotiable promissory note of a person already liable on a bill of exchange, the payment of which is to be secured." Coleb. Coll. Sec. Jones, in his work on Pledges, in dis-

cussing collateral security, at section 1 says: "But the customary use of the term to designate a pledge of incorporeal personal property seems now to be well established; and it is convenient to have a term to distinguish a pledge of such property from an ordinary pledge of chattels," etc. A debtor's own personal obligation is no part of his personal property or assets. The so-called collateral security in the case at bar is in the form of bonds of the debtor, but they are not secured in any manner. They are the mere obligations of the debtor, and there is no reason apparent for exempting them from the operation of the rule announced by Colebrooke. They do not constitute a lien upon the assets of the debtor, or upon any portion of them. "Collateral security imports a security in addition to the personal obligation of the borrower." Abbott's Law Dict., citing Shoemaker v. Bank, 2 Abb. (U. S.) 416. "A debtor's liability to his creditor, where other creditors are concerned, is not increased by increasing the number of his promises to pay the same debt, in whatever form he may make them. To hold otherwise would be to enable the debtor to incumber his assets by a new method, greatly to the prejudice of all other creditors." Third Nat. Bank v. Eastern R. Co., 122 Mass. 242; People v. Remington, (Sup.) 8 N. Y. Supp. 31, affirmed 121 N. Y. 675, 24 N. E. Rep. 1095. Cases cited to the contrary are either where there is a mortgage or other lien upon specific assets to be enforced, or where the collateral paper has been transferred by the creditor and pledgee for value. The district court allowed plaintiffs in error dividends upon the actual indebtedness of the insolvent company to them. They were entitled to no more. Affirmed.

GROESBECK, C. J., and MERRELL, J., concur.