*In re* JOHN C. BURKE, RECEIVER, FOR INSTRUCTIONS.

NEWPORT—JULY 1, 1903.

PRESENT: Stiness, C. J., Dubois and Blodgett, JJ.

(1) *Banks in Liquidation.   Dividends.   Secured Creditors.   Equitable Rule as to Secured Creditors.   Rule in Insolvency.*

The proceedings under Gen. Laws, cap. 178, relative to the liquidation of insolvent banks, follow the course of equity.   Hence the settled rule in equity that a secured creditor is entitled to a dividend from the debtor's estate, upon the full amount of his claim, without regard to the security, applies, and the provisions of the insolvency act, Gen. Laws cap. 274, § 29, that secured creditors shall take only to the extent of the debt over and above the value of the security, has no application.

(2) *Dividends.   Principal Debt, and Security.*

Where the creditor holds the note of an insolvent bank, and certain other notes transferred to it, as collateral, by the indorsement of the insolvent bank, the creditor is entitled to a dividend only on the primary obligation.

PETITION for instructions.

(1)      STINESS, C. J.   As to the claim of the Bowling Green Trust Company, of New York, the question is settled by *Allen* v. *Danielson*, 15 R. I. 480, and *Greene* v. *Jackson Bank*, 18 R. I. 779, which held that the settled rule in equity allows dividends to a secured creditor upon the full amount of his claim, the security being regarded as something collateral which does not reduce the debt, but only secures the creditor *pro tanto* in case the debtor or his estate cannot pay the debt in full.  See also *People* v. *Remington*, 121 N. Y. 328;   *Third National Bank* v. *Haug* (Mich. 1890), 47 N. W. Rep. 33;  *Assignment of Meyer* (*Wis.*), 48 N. W. Rep. 55;   *Chemical Bank* v. *Armstrong*, 59 Fed. Rep. 372.

The receiver argues that these decisions should not apply, because since then a more comprehensive insolvency law was enacted in this State—Gen. Laws cap. 274, which, in section 29, provides that claims of secured creditors may be allowed to the extent of the debt due over and above the value of the securities.

We think that this statute is not controlling in this case, for two reasons:

(1)   This proceeding is not under the insolvency law, but it is a special statutory proceeding under Gen. Laws cap. 178, § 42, *et seq.*   Under Gen. Laws cap. 240, § 1, "statutory proceedings, so prescribed by statute, shall follow the course of equity so far at the same is applicable."

Gen. Laws cap. 178, § 45, provides, referring to the Appellate Division of the Supreme Court:  "Said court shall have the same power and authority over the receiver, his acts and accounts, as is exercised by courts of equity in like cases."   It also provides for injunctions in the proceedings. These provisions are equivalent to prescribing that the proceedings shall follow the course of equity.   If so, it is also equivalent to prescribing that the acts of the receiver shall follow the equity and not the insolvency rule.   The equity rule, as above stated, gives the creditor the right to a dividend on his debt.   The chapter also directs the receiver to pay the debts ratably, if there shall not be sufficient to pay the whole, and not, as in the insolvency law, to pay on the balance over securities.   In *Cook County Bank* v. *United States*, 107 U. S. 445, it was held that a bankrupt law had no application to the winding up of a national bank under a separate statute.

(2)   Since the insolvency law was passed, a national bankrupt act has been adopted by Congress, the effect of which, as stated *In Matter of Reynolds*, 8 R. I. 485, suspends the State legislation on the same subject.

If the statute as a whole cannot be applied to a case within the purview of the bankrupt act, we see no reason why certain provisions should be picked out of it and applied to a case under another statute.

We are therefore of opinion that the insolvency law has no application to the case at bar, and that the rule in equity as to distribution should be followed.

Under this rule the Bowling Green Company is entitled to dividends on its entire debt.

(2)   The same rule also applies to the claim of the Western

National Bank. This bank holds the note of the insolvent bank, the Merchants Bank of Newport, for $9,500, and certain other notes transferred to it, as collateral, by the indorsement of the insolvent bank.

It claims that the indorsement constitutes a debt, the notes not having been paid.

The question is whether it is entitled to dividends on this liability as well as upon the original debt.

We are referred to no cases, and we know of none, which sustain the proposition that a creditor may have dividends on a collateral as well as an original debt; nor can we see, on principle, why it should be so. It is true that the insolvent bank is, in a sense, a debtor by reason of its indorsement; but the debt is the primary obligation, and the collateral is secondary. The bank does not owe two debts, but one. It is on this one debt that it is entitled to its dividend. One does not increase his debt by giving security, although the form of transferring the security may be such as to give a right of action on it. It is still a subsidiary and conditional liability.

If an insolvent owed a debt for goods and gave a note for the amount, that would not discharge the debt, without special agreement. *Wheeler* v. *Schroeder*, 4 R. I. 383; *Wilbur* v. *Jernegan*, 11 R. I. 113; *Nightingale* v. *Chafee*, 11 R. I. 609.

The creditor might sue upon either, yet no one would claim that he would be entitled to a dividend on both because he had a cause of action on each. To do so would be grossly inequitable to other creditors, by giving him a double dividend for one debt; yet it would not be different in substance from the claim here made for a dividend on the collateral notes.

A creditor is entitled to a dividend only on his debt. If he holds collateral he may also realize from it what he can, but that is not a debt, within the meaning of the rule in equity, nor one on which he should take dividends to the loss of other creditors.

We find these views fully sustained by *Third National Bank* v. *Eastern R. R. Co.*, 122 Mass. 240; and *First Na-*

*tional Bank* v. *Williamson*, 35 S. W. Rep. (Tenn.) 573 (1895).

We are of opinion that the Western National Bank is entitled to a dividend only on its debt of $9,500.

*John C. Burke*, for himself.

*Barney & Lee*, for Bowling Green Trust Company.

*Edwards & Angell*, for Western National Bank.

