AVERILL MACHINERY CO., APPELLANT, *v.* BAIN, RESPONDENT.

(No. 3,495.)

(Submitted March 30, 1915. Decided April 15, 1915.)

[148 Pac. 334.]

*Collateral Security — Definition — Pledge—Complaint—Insufficiency.*

"Collateral Security"—Definition.

1. "Collateral security" means a pledge of personal property assigned or transferred and delivered by a debtor to a creditor as security for the payment of a debt or the fulfillment of an obligation.

[As to definition and nature of pledges, see notes in 49 Am. Dec. 730; 32 Am. St. Rep. 711. As to distinction between pledge and chattel mortgage, see note in Ann. Cas. 1912B, 962. As to distinction between pledge and sale, see note in Ann. Cas. 1915A, 1082. As to rights and remedies of parties to collateral security, see notes in 79 Am. Dec. 499; 32 Am. St. Rep. 711. As to care and diligence required of pledgee, see notes in 34 Am. Dec. 451; 83 Am. St. Rep. 792.]

Same—Pledge—Rights of Parties.

2. The legal title to property pledged remains in the pledgor; the lien the pledgee has upon it depends for its validity upon his possession; and when the principal debt is paid, the pledge is discharged and the pledgor is entitled to a return of the property pledged.

Same—Writings to be Construed Together.

3. An order for the payment of money and acceptance thereof executed contemporaneously and relating to the same transaction must be construed together.

Same—Complaint—Insufficiency.

4. Where, in an action to enforce payment of collateral security, the complaint did not allege that at the time it was brought the whole or some part of the pledgor's indebtedness remained unpaid, it did not state a cause of action.

Same—Indebtedness—Insufficient Allegation.

5. An allegation that pledgor was indebted to the pledgee in the month of June, 1910, was insufficient to disclose an indebtedness in November of the year following, when the action was commenced.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by the A. H. Averill Machinery Company against **J. P. Bain**. Judgment for defendant, and plaintiff appeals from it and an order denying a new trial. Affirmed.

*Mr. Wm. M. Blackford,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondent, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action alleges that on June 21, 1910, one Ira Miller, being then indebted to the plaintiff, executed and delivered to it the following order in writing:

"June 21st, 1910.          No. 0909.                    $400.00

"To J. P. Bain, Knerville, Mont.

"Please pay to the order of The A. H. Averill Machinery Co. (a corporation), of Portland, Oregon, Four Hundred no–100 Dollars, and charge the same to my account for plowing done. This order is given The A. H. Averill Machinery Co. as collateral security to notes held by it, the net amount, if collected, to be credited on said notes; otherwise this order to be returned to drawer.                    IRA MILLER."

And that plaintiff thereupon presented the order to defendant Bain, who indorsed it in writing as follows:

"I hereby accept this order, payable Nov. the 1st, 1910, at First State Bank, Stanford, Mont. And I agree to pay interest at the rate of ten per cent per annum after maturity, if not then paid.                    J. P. BAIN."

It is then alleged that the defendant has not paid the sum of $400 or any part thereof, and a prayer for judgment follows.

The defendant prevailed in the lower court, and plaintiff has appealed from the judgment and from an order denying its motion for a new trial. At the opening of plaintiff's case, the defendant objected to the introduction of any evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action. The objection was overruled, but if it should have been sustained, it is unnecessary to consider what other errors were committed upon the trial. If the complaint does not state a cause of action, it would not sustain any judgment which plaintiff might secure.

The complaint discloses upon its face that the order was not delivered by Miller, or accepted by plaintiff, with the intention that the general title to it should pass. It was only intended as collateral security to Miller's indebtedness, and so recites.

When used in connection with the term "security," the word "collateral" has no technical, legal significance distinct from its common, well-understood meaning. (*Seanor* v. *McLaughlin*, [1]  165 Pa. St. 150, 32 L. R. A. 467, 30 Atl. 717.) "The term 'collateral security' or 'collateral' means a pledge of incorporeal property assigned or transferred and delivered by a debtor or some one for him to a creditor as security for the payment of a debt or the fulfillment of an obligation. It stands by the side of the principal obligation as an additional means to secure the payment of the debt or fulfillment of the obligation." (Jones on Collateral Securities, 3d ed., sec. 1; *Moffatt* v. *Corning*, 14 Colo. 104, 24 Pac. 7; Colebrooke on Collateral Securities, 2d ed., sec. 2; *International Trust Co.* v. *Union Cattle Co.*, 3 Wyo. 803, 19 L. R. A. 640, 31 Pac. 408; 2 Words & Phrases, 1252.) The term refers to personal property exclusively and in common parlance to choses in action. (31 Cyc. 786.) The transaction by which collateral security is delivered by the debtor and accepted by the creditor constitutes a pledge. (Secs. 5774, 5775, Rev. Codes; Jones on Collateral Securities, [2]  sec. 1.) The legal title to property pledged remains in the pledgor. (*Leggat* v. *Palmer*, 39 Mont. 302, 102 Pac. 327.) The pledgee has a special property interest in the thing pledged;

that is, he has a lien upon it which depends for its validity upon possession. (*Rairden* v. *Hedrick,* 46 Mont. 510, 129 Pac. 498.) When the principal debt is paid, the pledge is discharged (31 Cyc. 851), and the pledgor is entitled to a return of the pledge. (*Seanor* v. *McLaughlin,* above.)

These elementary rules of law suffice to illustrate the relationship of the parties to this action. Since it was not the intention of Miller or plaintiff that the absolute title to the Bain order should pass, it could not have been the intention of Bain, in accepting the order, to bind himself unconditionally to pay the amount to plaintiff; and plaintiff could not have understood [3] that such unqualified liability existed. The order and acceptance, executed contemporaneously and relating to the same transaction, are to be construed together. (*Lyon* v. *Dailey Copper Min. & S. Co.,* 46 Mont. 108, 126 Pac. 931.) In order to [4] state a cause of action upon a contract, the plaintiff must disclose the existence of a valid agreement, a right in himself, and a breach by the defendant. Without the existence of the principal debt, plaintiff could not enforce payment of the collateral security; and in failing to allege that the whole or some part of Miller's indebtedness remained unpaid at the time this action was commenced, plaintiff failed to state facts sufficient to disclose any right to enforce collection of the Bain order, which was given merely as further security for the payment of such indebtedness. (16 Ency. Pl. & Pr. 638.) The allegation [5] that Miller was indebted to plaintiff in June, 1910, is not sufficient to disclose an indebtedness in November, 1911, when this action was commenced. The complaint fails to put the defendant in the wrong. It does not state a cause of action, and the judgment and order are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.