**JOE B. WINSLETT, Inc., v. CITY OF HAMLIN.**

No. 3930.

Court of Civil Appeals of Texas. Amarillo.

Dec. 14, 1932.

Rehearing Denied Jan. 18, 1933.

Thomas & Thomas, of Anson, for appellant.

Henry L. DeBusk, of Abilene, for appellee.

MARTIN, J.

Appellee is a municipal corporation located in Jones county. Having an inadequate water supply, it negotiated a contract with appellant to locate and construct a reservoir to supply this deficiency. A site was selected and a dam erected on Oley's creek by appellant. Out of this arose a controversy, which

eventuated in a suit being filed by appellee against appellant and a recovery herein of damages in the sum of $29,000. The nature of this suit will sufficiently appear in the discussion below.

■ We are of the opinion that the court erred in refusing to sustain the general demurrer to appellee's petition urged by appellant, but for a reason different from that here assigned. Generally speaking, a petition declaring upon a contract must clearly allege what was agreed to be done, what has been done, and what has been omitted, together with the damages resulting from such omission. 13 C. J. 714. Stated otherwise, the petition must disclose a valid agreement, a right in plaintiff, and a breach by the defendant. H. H. Averill Machinery Co. v. Bain, 50 Mont. 512, 148 P. 334; Harrell v. Southern R. Co., 14 Ga. App. 451, 81 S. E. 384.

A recovery was had herein apparently upon a written contract, but nowhere in its petition does appellee allege or set out either the terms or legal effect of the contract in such way, as to show the legal duty of appellant with respect to the matters alleged to have been breached. Nothing appears in the petition from which we can conclude that appellant was under an obligation to perform that which it is alleged it failed to do, nor is a copy of the contract alleged to have been made attached as an exhibit to the petition. Appellee alleges: "Under one cover now on file with the City Secretary of the City of Hamlin is the notice to contractors, acceptance of bids, a form of agreement, form bond, general conditions of the agreement and specifications and plans for the construction of said lake, all prepared by or under the direction of defendant herein. The above and foregoing instruments are hereby referred to for further particulars. Under separate cover, also now on file with the City Secretary of said City of Hamlin and hereby referred to for particulars, is a general recommendation as to the location of the proposed reservoir, an estimated cost thereof, together with a contract executed by Joe B. Winslett, Inc., and City of Hamlin. This contract incorporates and makes all the other documents hereinabove mentioned a part of it, and the said contract and all other instruments incorporated therein and hereinabove mentioned are on file with the City Secretary of the City of Hamlin and the same are hereby referred to and incorporated herein in every particular the same as if copied herein."

■ ■ An instrument cannot be made a part of a pleading, as was attempted here, by a mere reference to it. The instrument or a copy thereof must be attached to or filed with the pleading; that is, it must be actually "exhibited." Blum v. Moore, 91 Tex. 273, 42 S. W. 856. While the Supreme Court has so decided, it is perfectly obvious without such holding. A mass of documents on file in another county are here attempted to be incorporated as part of the pleading by a mere reference to same. A moment's reflection is sufficient to demonstrate that such a reference could not place upon the trial judge the duty of making a journey out of his county to determine the sufficiency of pleadings. Nor could exhibits, if attached, be made to supply the absence of allegations necessary to show a cause of action. Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 882; Owen v. City of Eastland (Tex. Civ. App.) 37 S.W.(2d) 1053. Exhibits may make certain that which is indefinite in pleadings, but cannot be looked to for the purpose of supplying allegations which are indispensably necessary to show a cause of action or defense.

Aside from the above, we note that plaintiff's petition is filled with allegations of statements and representations alleged to have been made by appellant. These were stricken by the trial court in response to special exceptions by appellant, in which ruling appellee apparently acquiesced, but filed no new pleading. We are left in doubt from the petition before us whether appellee originally intended to plead a cause of action ex delicto or ex contractu or both, and if ex contractu, whether express or implied. The court submitted the following special issue: "Did the defendant Joe B. Winslett, Inc., fail to comply with the provisions of its contract with the City of Hamlin in the manner in which it constructed the dam in question? Answer yes or no." Answer: "Yes."

■ ■ The original documents constituting the alleged contract between the parties have been sent up with the record. These contain different acts to be performed by appellant. Which of these, or whether all, were found to be breached by appellant is left to surmise, since neither the pleadings nor the court's charge identified the particular promises now alleged to have been breached. We would, therefore, be unable to pass upon any assignment of error calling in question the sufficiency of the evidence to support a finding as to any particular breach. Nor could we under these pleadings appraise the merits of any complaint of a variance between the pleading and proof in the particular matters next referred to. It has been ofttimes decided that a recovery on a cause of action ex contractu is unauthorized where a cause of action ex delicto is pleaded and vice versa. 49 C. J. 806, and authorities there cited. Nor can a party to a suit declare on an express contract and recover on an implied one and vice versa. Nunn v. Townes (Tex. Civ. App.) 23 S. W. 1117; Krohn v. Heyn, 77 Tex. 319, 14 S. W. 130; Wisbey v. Boyce (Tex. Civ. App.) 27 S. W. 590.

■ These observations illustrate the necessity of definite and specific pleadings in this

character of case. Plaintiff's petition is too lengthy to here set out in its entirety, but the following excerpts sufficiently illustrate its general character:

"And Joe B. Winslett on examination of the above and foregoing written documents show that said company (and said Winslett) held out to the governing body of the city to be expert engineers and contractors, and represented that a saving could be had to the city by awarding the contract to them by reason of the expert knowledge and ability both as contractors and engineers. Defendants made all representations, recommendations, agreements, and promises that were made and everything in connection with the procedure and contracts now on file as stated were executed by defendant herein. Defendants represented that the location and construction of a dam across Oley's Creek, about 7½ miles North of the City of Hamlin, under the expert engineering and expert construction of defendant, would insure the city an adequate water supply and that the proposed reservoir would not leak. Accordingly the said lake is located and the dam is constructed across said Oley's Creek and the same was done under the direct supervision and expert engineering and construction of defendant. The lake will not hold water due to the location of the dam across said Oley's Creek impounding water on a gypsum formation, together with careless and negligent construction and a breach of material agreements on the part of defendant. All this was known or should have been known by defendant at the time of the execution of the agreement to so construct the lake.

"With these representations as aforesaid, to-wit: that the proposed lake should be located across Oley's Creek as stated; that the lake would, when complete, impound such a quantity of soft water and retain same without leaks, to adequately supply the city and all its inhalitants for many years to come; and further that defendant, being both engineer and contractor, could save the city in the cost of said proposed and recommended project, and do a first class job, both from the standpoint of engineering and construction; with these representations, covenants, and agreements made on the part of the defendant, the work began. * * * Although the lake has been completed only about ten or twelve months, it does not hold water as represented but it leaks and has been leaking since it first caught water so that it is of little or no value to the city. * * * The soil and geological formations are contrary to the representations made by defendants, both as to the location of the lake and the manner of its construction, and defendants knew at the time, or should have known, that a lake on such a formation could not be made to hold water and that a dam across such a creek could not and would not endure. * * *

"Plaintiff says that the lake and dam instead of being what defendants represented and said they would be, that the dam is of a pervious substance and contains a large per cent. of gypsum which defendants knew or should have known to be soluble in water. * * *

"Plaintiff declares that the agreements, representations, promises and covenants made by the defendants, jointly and severally, in the premises were not kept, done and performed by defendants or either of them. On the other hand, the said representations and agreements were believed and relied upon by plaintiff, the result of which plaintiff has lost and been damaged the whole contract price for said project to-wit: $111,800.00."

A general allegation of breach of "material agreements" is alleged, but such agreements are not particularly set out nor described as being part of the written contract. If oral, they appear to have been stricken. We judge from the briefs on file that the plaintiff is relying mainly on the fact that the dam across Oley's creek was located in a gypsum formation and constructed in part of "gyp soil, which, being soluble in water, caused the loss of the reservoir. From the petition we are unable to say that appellant violated any express or implied covenant of its contract in so constructing the dam, nor can we say that appellee did not intend to plead an ex delicto cause of action arising out of fraud perpetrated upon it by appellant. If we could exercise here the prerogative of a jury, we would have little difficulty in concluding that there is abundant evidence to sustain appellee's claim that it has been "gypped" by the construction of a gypsum dam. Being given the power only of a reviewing court, we are compelled under our duty, as we see it, to order a reversal, with the suggestion that this case be repleaded in its entirety.

Upon the trial of this case under proper pleadings, other questions briefed may not arise and are not, therefore, discussed.

Reversed and remanded.