**ROCKWALL COUNTY et al. v. McLENDON et al.**

**No. 12733.**

Court of Civil Appeals of Texas. Dallas.

Nov. 19, 1938.

Mike Reinhardt, of Rockwall, for appellants.

Bond & Porter, of Terrell, for appellees.

LOONEY, Justice.

This is a mandamus proceeding brought by W. H. McLendon and wife against Rockwall County, members of the Commissioners' Court, the clerk and treasurer of said county, each in his official capacity, to enforce payment of a judgment. The controversy arose as follows: Rockwall County, at the instance of the Highway Commission of Texas, acting by and through her Commissioners' Court, brought a proceeding against McLendon and wife to condemn a strip of land for public road purposes. The commissioners appointed to assess the damages awarding McLendon and wife the sum of $970, the condemners deposited that amount with the county clerk and took possession of the land. McLendon and wife duly perfected an appeal to the county court and on trial recovered judgment for $1,-881.19, which was ordered paid out of the Road and Bridge, or any other available fund of the county, to which the condemners in open court excepted and gave notice of appeal. No transcript having been filed in this court within the time prescribed by law, on motion of McLendon and wife, we affirmed the judgment on certificate. In due time, application was made to the Supreme Court for writ of error, which was dismissed for want of jurisdiction (State v. McLendon, Tex.Civ.App., 111 S.W.2d 287), and the judgment becoming final, mandate was issued and, in due time, McLendon and wife demanded of said public officials payment of the judgment, which being refused, this proceeding for mandamus was begun.

The petition for mandamus gave a complete history of the condemnation proceedings, described in detail the judgment rendered and the final steps leading to the issuance of mandate, demand for payment, etc., alleging that there were ample available funds on hand to pay the judgment, and prayed for the writ against the officials, respectively, to enforce payment. A certified copy of the judgment in the condemnation proceedings was attached to the petition as an exhibit.

On presentation, Honorable G. O. Crisp, Judge of the 86th Judicial District Court, endorsed his fiat on the petition, setting the case down for hearing on a definite date, directed the clerk of court to issue notices to each of the public officials involved, with a copy of the petition for mandamus attached, commanding the defendants to appear at the time and place mentioned in the notice, and show cause, if any, why the writs

prayed for should not issue; and the sheriff was ordered to immediately serve the notices. The notices were duly issued and served, however, the copy of petition for mandamus attached to the notice did not carry the exhibit called for—that is, copy of the judgment in the original condemnation proceedings, and for that reason, defendants moved to quash the citation. The motion being overruled, defendants excepted and on trial of the cause judgment was rendered for plaintiffs, granting the relief prayed for—that is, commanding the public officials to take the necessary steps to pay the judgment, interest and costs; to which the defendants excepted and in open court gave notice of appeal to this court.

 .The only question presented for our consideration is the alleged error of the court in refusing to quash the citation. All the statute requires is that, the citation shall contain a brief statement of the cause of action. In the instant case, plaintiffs' petition, describing in extenso their cause of action, was attached to and formed a part of the citation, including a definite and detailed description of the judgment rendered in the condemnation suit; so, we are of opinion that, defendants could not have been injured by the failure to include in the notice a copy of the judgment; in fact, it is not contended that defendants were misled or suffered any injury by the failure to attach a copy of the judgment as an exhibit to the copy of the petition. The statute was substantially complied with, the cause of action being sufficiently alleged without the aid of a copy of the judgment; besides, it is generally held that exhibits are not intended to supply an essential allegation, but simply to make certain an allegation otherwise indefinite or uncertain. Blair v. City of Houston, Tex.Civ.App., 252 S.W. 882; Owen v. City of Eastland, Tex.Civ.App., 37 S.W.2d 1053; Winslett, Inc., v. City of Hamlin, Tex.Civ.App., 56 S.W.2d 237.

 Plaintiffs suggest delay and request that judgment be affirmed with damages. To justify the imposition of ten percent penalty for delay, it must appear that, at the time the appeal was perfected, the appealing party had no reasonable ground to believe the judgment would be reversed. Harlan v. First State Bank, Tex.Civ.App., 285 S.W. 694. The record discloses that the defenses urged in the court below were based upon a number of comparatively recent statutes; the contention of defendants being that, under a correct construc-

tion of the statutes, no recovery could be had; so, in this situation, we are not prepared to say that, at the time the appeal was perfected, defendants had no reasonable ground to believe the judgment would not be reversed. Besides, the penalty authorized by statute, Art.1860, R.S., is imposed as punishment against the appealing party for prosecuting a frivolous appeal for delay. Appellants are public officials of Rockwall County, hence the penalty, if imposed, would be against the tax-payers of Rockwall County and not against these officials personally, therefore, believing the statute inapplicable to the situation, recovery of ten percent damages is denied. Plaintiffs will be made entirely whole when they collect the face of the judgment, interest and court costs.

For reasons stated, we are of opinion that the judgment below should be and is hereby affirmed.

Affirmed.