CALEB WINFREY, Respondent, v. BEN S. STROTHER et al., Appellants.

Kansas City Court of Appeals, May 23, 1910.

1. **COLLATERAL SECURITY: Pledge.** The delivery of a promissory note as collateral security for the payment of a principal note is a pledge within the meaning of the statute (Sec. 3710, R. S. 1899) declaring void the pledge of any personal property to secure the payment of usurious indebtedness.

2. ———: ———: **Debtor's Obligation.** Collateral security is the transfer of incorporeal property such as the obligation of third parties, as additional security for the payment of the principal indebtedness. The transfer of the debtor's own obligation to the creditor is not collateral security.

3. ———: **Surety.** If three payors of a promissory note execute another note to the payee, being joined therein by another person, it makes such second note a collateral security for the first.

4. **STATUTORY CONSTRUCTION: Personal and Incorporeal Property.** Where a statute made void the lien "upon personal property pledged or mortgaged to secure indebtedness" tainted with usury, it was held that the statute was partly remedial and should receive a more liberal construction than if wholly penal, and that the words "personal property" would include incorporeal property, such as collateral notes.

Appeal from Jackson Circuit Court.—*John M. Cleary,* Special Judge.

REVERSED.

*Sam B. Strother, R. B. Kirwan* and *George B. Strother* for appellants.

*Cook & Gossett* for respondent.

(1) The statute rendering invalid a mortgage or pledge of personal property does not apply to collateral notes executed by the makers of the original notes even

though additional names are on such new notes as sureties. Such collateral note is in no sense a pledge or mortgage. It is simply a collateral obligation of the principal maker with the same or other sureties. This statute must be strictly construed. R. S. 1899, sec. 3710; Tenent v. Insurance Co., 133 Mo. App. 345; Williams v. Rorer, 7 Mo. 556; Van Idour v. Nelson, 60 Mo. App. 523. (2) Section 2358, being the criminal section of the statute, does not make void the note or obligation given for money borrowed or received by the maker. The law of usury is peculiar to itself in this respect. The statutes recognize this in making provision for the relief of the debtor paying the usury (see secs. 3708 and 3709, R. S. 1899). Waite v. Bartlett, 53 Mo. App. 378; Laws of 1905, page 173, amending sec. 3708, supra; Seaver v. Ray, 137 Mo. App. 78.

ELLISON, J.—This action is on a promissory note for five thousand dollars. The judgment in the trial court was for the plaintiff.

There are several points presented in this case which were determined in the case of Bowman v. Strother, decided at this term. We need do no more than refer to that case for a statement of our conclusions.

But defendants have presented in this case a branch of defense which was not in the other, as will appear by the following: On August 4, 1904, defendants, Ben S., Nellie M. and Sam B. Strother, gave their joint note to plaintiff for $5445.29, due on the 28th of that month, with interest at the rate of six per cent. That note was credited with some interest payments and $445.29 on the principal paid March 30, 1905.

And on the day last mentioned, the makers of that note, together with W. H. Strother, executed the note in suit for five thousand dollars, with interest at eight per cent per annum, payable to plaintiff, and Ben S.

Strother endorsed on the back thereof the following: "This note is a collateral note to secure a note dated August 4, 1904, for $5445.29, signed by Ben S. Strother, payable to Dr. Caleb Winfrey. (Signed) B. S. Strother."

It will be noticed that this last note thus delivered to plaintiff as collateral for the first note, is for the same amount as the first note after being reduced by the credit above mentioned, and that it was executed to plaintiff the day of the payment on the first note; and that the makers are the same as of the first note *with the addition of W. H. Strother.*

There was evidence tending to show that the first note was usurious and for that reason defendant asked the trial court to declare the note in suit void for the reason it was a pledge or security for a usurious contract, within the meaning of section 3710, Revised Statutes 1899, reading as follows:

"In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case when the validity of such lien is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal."

The court refused to so rule and plaintiff now seeks to uphold the judgment on the ground that the second note was not a pledge, but merely a collateral security. The question thus presented to us is whether the delivery of a promissory note as collateral security for a principal note is a pledge within the meaning of the statute. We think it is. When a note is delivered by the payor to the payee of the principal note, as security for such note, it is necessarily pledging it for

the payment of the latter note. Jones in his work on Pledges and Collateral Securities, sec. 1, says that the term "collateral security" means a pledge of incorporeal property as distinguished from chattels. And Colebrooke on Collateral Securities, sec. 2, makes the same statement. The act and effect is the same, whether the pledge consists of corporeal or incorporeal property. The difference is only in the name. So Colebrooke, throughout his work, treats of the delivery of collateral notes as a pledge of such notes. And while the point was not raised in Keim v. Vette, 167 Mo. 389, yet that case concedes the right to pledge a note.

Collateral security is something additional to the principal obligation. The words necessarily indicate something additional to the principal obligation and running along with it as security therefor. And plaintiff's contention, in its fullest scope, is that the note sued on and here called collateral security, is not such an obligation. He says it is but another promise of the payors of the first note for the same indebtedness, and therefore, in reality, it is not a collateral security. It is true that when the payor of a note executes another to the payee, the latter does not constitute what is understood to be collateral security, since it is not a security, but merely a reiteration of the first promise. It is therefore said, in Colebrooke on Collateral Securities, section 2, that the transfer of the debtor's own note as collateral security for the payment of other notes made by him, does not come within any definition of collateral security: In re Waddell-Entz Co., 67 Conn. 324.

But the note in controversy is more than the promise of the payors of the first note, for, as already stated, it has an additional payor in the name of W. H. Strother. It is therefore an additional obligation standing as security for the payment of the first, and thereby comes within the definition of collateral obligations.

Winfrey v. Strother.

It is suggested that the statute in using the words "personal property pledged or mortgaged," did not include incorporeal property, such as a promissory note. If it be true that the statute uses the words "personal property" as distinguished from choses in action, then a note held as collateral security as in this case would not be within its terms. But we are of the opinion that the statute being designed to discourage the evil of usury by destroying liens to secure the payment of debts tainted with that vice, it was intended by the Legislature to use the words in their broadest sense and hence to include notes. That was manifestly the understanding of both court and counsel in Keim v. Vette, supra, a case involving the pledge of a promissory note, in which it was assumed that a collateral note was within the meaning of personal property. To the suggestion that the statute is penal and should be strictly construed, we need do no more than refer to Keim v. Vette, where it is said that the statute is remedial as well as penal and should receive a liberal construction.

Entertaining the foregoing views, we must pronounce the note in suit a pledge securing an obligation which the evidence tended to prove is usurious. If it is in fact usurious, the note in suit should be declared to be void. The judgment is reversed. All concur.