RILEY v. HALLMARK.   (No. 843.)

(Court of Civil Appeals of Texas.   Amarillo.
Nov. 6, 1915.   Rehearing Denied
Nov. 27, 1915.)

1. PLEDGES ⟨key⟩11—ESSENTIALS—CHANGE OF POSSESSION.

Delivery is essential to a pledge; and, until there has been a change of possession and right of control sufficient to divest the owner of his right to possession by an act which must be equivalent to a delivery in case of sale, it is not a pledge, but a mere executory contract for one.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 28–35; Dec. Dig. ⟨key⟩11.]

2. EVIDENCE ⟨key⟩588—WEIGHT — CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

In a trial of right of property attached in the hands of a tenant, which was claimed by the landlord as security for a debt, the jury might properly reject the testimony of both the tenant and the landlord on the ground of interest, and answer as to a portion of the goods attached that the tenant still had possession thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Dec. Dig. ⟨key⟩588; Witnesses, Cent. Dig. § 1164.]

3. PLEDGES ⟨key⟩34—ELEMENTS — SUFFICIENCY OF POSSESSION.

On a trial of the right of property attached in the hands of a tenant, claimed by the landlord as security for a debt, an instruction that possession, to support a pledge, need not be actual physical possession, was properly refused, since the jury might have understood therefrom that if the contract of pledge existed, the right of possession thereunder would give the landlord possession by presumption without delivery.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 90; Dec. Dig. ⟨key⟩34.]

Appeal from Scurry County Court; C. R. Buchanan, Judge.

Action by J. V. Riley against G. T. Hallmark. Judgment for defendant, and plaintiff appeals. Affirmed.

Rosser & Boyd, of Snyder, for appellant. Higgins & Hamilton, of Snyder, for appellee.

HENDRICKS, J.   This is a case of a trial of the right of property. The appellant, J. V. Riley, by filing the affidavit and bond, claimed 12 bales of cotton, which the appellee, Hallmark, had levied upon by writ of attachment. C. F. Veach was a tenant on a farm belonging to the appellant, Riley, and appellee, Hallmark, had instituted a suit against him, in the justice court for debt, issuing and levying attachment upon cotton, Riley claiming the same in this suit upon an agreement with Veach that the cotton was to be gathered and delivered to him as security for debt. At the time of the levy 5 bales of the cotton had been ginned, and cotton to the amount of 7 bales had been gathered and was in the field at the time of the levy. Upon the submission of special issues the jury answered that the 5 bales of cotton were in the possession of Riley, and that the 7 bales, in the field, were in the possession of Veach, the tenant. There is no claim in this record that Riley, as the landlord of Veach, the tenant, was entitled to the cotton by virtue of any landlord's lien. As to the 7 bales which the jury answered were in the possession of Veach, the tenant, appellant assigns error that there is no testimony to sustain such a verdict, and that the possession of said cotton was really his possession.

[1] Riley's claim is necessarily under a contract of pledge. Delivery is essential to a pledge. Luckett v. Townsend, 3 Tex. 119–129, 49 Am. Dec. 723. Until the possession and the right to control the property has passed from and been vested out of the owner, it is not a pledge, but a mere executory contract for one. Adoue v. Seeligson, 54 Tex. 593–602. The change of possession, to create a proper pledge, is the same as would amount to a sufficient delivery in case of sale. Brown v. Hudson, 14 Tex. Civ. App. 605, 38 S. W. 653.

[2] Riley and Veach being interested parties to this litigation, and the former especially being a party to this suit, and directly interested in the result, the jury had the right to reject their testimony on the question of delivery and possession, and answer as to a portion of the cotton that Veach still had possession of same and had not yet surrendered that dominion to Riley, as to constitute a transition of same. Rayner v. Posey, 173 S. W. 246, and numerous cases therein cited.

Upon reading this record, we are convinced that reasonable minds might differ upon the question of delivery and change of possession; hence the testimony is not conclusive against the contention of appellee.

———

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] The appellant requested this charge: "You are further charged that possession need not be actually physical possession, ·but if the right of possession exists, possession will be presumed."

The jury might have understood that if the contract of pledge existed, the right of possession thereunder would give appellant possession by presumption, without any element of delivery whatever, which is clearly not the law.

We find no such injury, under the present rule, on account of the introduction of testimony, complained of by appellant, as will cause the reversal of this case, and it is accordingly affirmed.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes