**TITTLE et al. v. MANN et al. (No. 1982.)**

(Court of Civil Appeals of Texas. Amarillo. May 31, 1922.)

**Bills and notes ⬤⟿519—Finding that plaintiffs were intended to be payees, not indorsees, of note, held not sustained by evidence; "collateral."**

In an action to recover on a note executed by defendants, payable to a bank and indorsed by plaintiffs, where plaintiffs claimed that they were the real owners of the debt, that the note was made payable to the bank by mutual mistake, and that they pledged the note to the bank to secure a loan, which had been paid and the note returned to plaintiffs, and defendants contended that the note was sold to the bank and afterwards paid by plaintiffs, who were liable on their indorsement, so that plaintiffs' right of action against defendants was not on the note, but on their right to reimbursement, which was barred by limitations, *held*, a finding that the note was taken by the bank as collateral security was not sustained by evidence that the loan by the bank was not evidenced by any other note than the one in suit, for the term "collateral" implies a debt or obligation other than the one pledged as collateral.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collateral.]

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by W. L. Mann and others against J. T. Tittle and others. From judgment for plaintiffs, defendants appeal. Reversed and remanded.

Nelson & Kilgore, of Wichita Falls, for appellants.

Hunter & Scott, of Wichita Falls, for appellees.

BOYCE, J. W. L. Mann, A. G. Illseng, A. T. Russell, and J. H. Sanderson, brought this suit against J. T. Tittle, N. A. Brown, J. A. Copeland, T. S. Wade, J. R. Nelson, and W. C. Wicher, on a note for $2,440.50, executed by J. T. Tittle, W. A. Brown, and J. A. Copeland, payable to the National Bank of Commerce of Wichita Falls, Tex., and indorsed by plaintiffs. The case was tried before the court and judgment rendered for the plaintiffs against all of the defendants named for the amount of principal, interest, and attorney's fees found by the court to be due on said note.

The plaintiffs alleged the execution of the above-mentioned note, and further that the debt for which said note was given belonged to the plaintiffs, and that the note was by mutual mistake made payable to the bank instead of the plaintiffs; that it was delivered to and became the property of the plaintiffs and thereafter the plaintiffs delivered said note to the bank as collateral to secure a loan and at such time indorsed their names thereon; that plaintiffs thereafter discharged the debt to the bank for which this note was delivered as collateral security, and the note was returned to the plaintiffs. Other facts, showing the history of the creation of the debt for which the note was given, were alleged. As to these it is only necessary to state here that it was alleged that the defendant Copeland, acting for the other defendants, gave his note for $2,400 for the debt as it originally existed; that this note was payable to Mann, who took the same for the benefit of himself and the other plaintiffs; that Mann pledged this $2,400 note as collateral security to the National Bank of Commerce, and the note sued upon was given in renewal and substitution of the original note for $2,400. The allegations of mistake and as to the character of the bank's holding of the note were put in issue. It was the appellants' theory that the note was sold to the bank and later paid by the plaintiffs, who were liable to the bank on their indorsement, and that under the authority of the case of Faires v. Cockrell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528, there was no liability on the note. The trial court found: (1) That the naming of the bank instead of the plaintiffs as payee in the note was the result of mutual mistake; (2) that the note was the property of the plaintiffs and pledged as collateral to secure the payment of money borrowed by the plaintiffs from the bank; that the plaintiffs paid the indebtedness for which the note was deposited as collateral security and the note was returned to them. The appellants' propositions are devoted principally to an attack on these two findings of fact as being contrary to the evidence.

As we dispose of the case on our conclusion as to the second finding mentioned, we need not discuss the question of the sufficiency of the evidence to support the first. The evidence does not, we think, sustain the finding that the note was taken by the bank as collateral security. The cashier of the bank, who was plaintiffs' witness, testified positively that the bank purchased the original note from Mann and after its maturity the second note was accepted and substituted for the first. The plaintiff Mann, who is the only other witness as to the transaction with the bank, testified:

"I took that note to the National Bank of Commerce, and used the money on it. I pledged that for a loan. I suppose that is the way we would contemplate it. I had to use the money. * * * I regarded that as my note because I had to make it good, paid the bank for it and used the money. There was never any agreement between me and the bank by which I was to be released from any obligation for my indorsement on the note. They held me for the note. The banker told me that he did not know the other parties. I later paid off the loan to the bank and took the note back. * * * According to the way I felt about it, this note was in the bank as collateral. I do not think that we made another note to the bank at the time that we indorsed this note. I don't think that we four men made a note to the National Bank of Commerce and pinned this to it as collateral."

The term "collateral" implies a debt or obligation other than the one pledged as collateral. Schnitzler v. Fourth National Bank, 1 Kan. App. 674, 42 Pac. 500; Winfrey v. Strother, 145 Mo. App. 115, 128 S. W. 850. There evidently was no other obligation in this case. The note itself and the indorsement thereof by Mann and his associates was the only obligation to the bank and measured the extent of the liability of the respective parties to it. There is no real conflict between the testimony of the banker and the plaintiff Mann. We have read their testimony carefully, and we think the only reasonable conclusion to be drawn from their evidence is that the bank was the owner of the note itself and did not hold it as collateral to any other indebtedness by the plaintiffs, and we are unable to sustain the finding of the trial court to the contrary.

This conclusion will result in a reversal of the judgment of the court below. We do not think, however, that we should under the circumstances render judgment for the appellants, and the case will therefore be remanded.

While the point is not raised, we doubt whether, in any event, the pleading would have warranted a judgment on the note against any of the defendants except those whose names were signed thereto. Bolan v. Wrather (Tex. Civ. App.) 239 S. W. 279.

Reversed and remanded.