## PETERSON v. ROCHELLE. (No. 3277.)

(Court of Civil Appeals of Texas. Texarkana.
Oct. 21, 1926.)

**1. Bills and notes ⬦357—Conditional pledgee as holder of collateral note held to be bona fide holder for value (Rev. St. 1925, art. 5935, §§ 51, 52).**

Where note was delivered to secure note of payee to bank, which was empowered to sell collateral at public or private sale, and bank thereafter sold its note, with collateral note to R., who sold it to plaintiff, latter, in view of Rev. St. 1925, art. 5935, §§ 51, 52, as conditional pledgee of collateral, became owner thereof and bona fide holder for value, and could sue thereon without regard to equities between original parties.

**2. Bills and notes ⬦363—Bona fide holder held unauthorized to have judgment enforcing collateral note beyond original debt it secured, where original pledgor admitted maker had paid it.**

Where note was delivered to bank to secure payee's note to bank, and bank's note with collateral was sold to R., and plaintiff became holder of collateral note for value, recovery in suit thereon *held* limited to original debt secured by collateral; admission by original pledgor that maker had paid it rendering unnecessary enforcement of payment in full.

**3. Limitation of actions ⬦167(1)—Where collateral note sued on was not barred by limitation, that note it secured was barred held immaterial.**

Where collateral note sued on was not barred by limitation, it was immaterial that note it secured was barred.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by J. F. Rochelle against A. L. Peterson. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

The point presented for review is that of whether or not the evidence authorized the trial court to give, as he did, a peremptory instruction to the jury to return a verdict for the plaintiff for the full amount sued for. The cause of action of the plaintiff was based on a promissory note for $1,250 executed by A. L. Peterson to the order of Leonard H. Weldon, payable five years after the date of August 27, 1917. Leonard H. Weldon indorsed and delivered the said note to the Miller County Bank & Trust Company as collateral to secure a note by him to the said bank of date December 31, 1917, for $51 borrowed money, payable 60 days after date, The indorsement and delivery of the $1,250 note was contemporaneous with the execution of the $51 note under a written agreement expressly providing that in the event of the nonpayment of the $51 note according to its terms at maturity, the holder

thereof could sell the collateral note at either public or private sale without notice to the pledgor and apply the proceeds of the sale to the payment of the $51 note, including interest, accounting to the pledgor for the surplus. The Miller County Bank & Trust Company sold the $51 note, together with the collateral note, to A. Rose, indorsing on the $51 note as follows: "Pay to A. Rose without recourse." The date of the sale and transfer is not given. The debt of Leonard H. Weldon is yet unpaid, in principal and interest. The plaintiff, J. F. Rochelle, pleaded that he was the owner and holder of the $51 note, together with the collateral note, purchasing the same in due course of business for a valuable consideration from A. Rose. A. Rose, made a party to the suit, answered alleging that he had sold and transferred the note and the collateral for a valuable consideration to J. F. Rochelle, and, further disclaiming any interest in either note. The maker of the collateral note, A. L. Peterson, answered as defendant and pleaded payment of the $1,250 note to Leonard H. Weldon, holding his receipt therefor in that sum of date December 24, 1918. He proved the allegations. Leonard H. Weldon, the maker of the $51 note and pledgor of the collateral note, made himself a party to the suit and pleaded the statute of limitation of four years in bar of the original debt of $51; that the plaintiff was not the owner or purchaser of the $51 note or the collateral note; that A. L. Peterson had paid to him the $1,250 owing on the collateral note; and that he was entitled to be discharged from any liability thereon. Leonard H. Weldon testified, as material to set out, that:

"I made the note for $51, due 60 days after date, and I put up as collateral to pay that note the $1,250 note signed by A. L. Peterson to me. I indorsed it. Afterwards he (Peterson) paid me $840 and $405, which practically amounted to the note. I gave receipts to him against the note. When I gave these receipts that note was in the hands of the Miller County Bank & Trust Company. He (Peterson) asked me where the note was, and I told him. I told him there was $51 against it, and he said that he would take care of that. I do not know whether he ever went there or not. I did learn that the notes were turned over to Mr. A. Rose. Mr. Booker (cashier) told me about it, and Mr. Rose asked me about it. I was not in a position to pay it. * * * I do not claim to have ever paid the note to the Miller County Bank & Trust Company. I did not pay A. Rose the note. I knew he had the note."

The Bank & Trust Company had no notice of the payments made by A. L. Peterson to Leonard H. Weldon, and neither does it appear that A. Rose or the plaintiff had notice of such payments. There is much evidence in the record relating to a certain justice

court judgment and constable sale, but such evidence becomes entirely immaterial to the appeal, since the trial court held that such judgment and sale were "void" and conferred no rights whatever on the plaintiff or A. Rose against the defendants. All of the above stated facts appear in the record, admitted and uncontradicted.

P. A. Turner, of Texarkana, for appellant. H. H. Taylor, of Texarkana, and W. T. Williams, of Austin, for appellee.

LEVY, J. (after stating the facts as above). [1] In the light of the evidence the error of the court was to the extent only of directing a verdict in favor of the plaintiff against the maker of the collateral note for the full amount of such note with interest thereon. Although the $1,250 note was a negotiable paper, yet the evidence established without dispute that the transfer of the same from Leonard H. Weldon to the Miller County Bank & Trust Company was intended simply as collateral security for the payment of the $51 note, which was a personal obligation of the said Weldon, and not for the purpose of transferring the property in the instrument. The Miller County Bank & Trust Company held it in its possession as security only, and transferred it, with the $51 note, to A. Rose as security only. Neither the Miller County Bank & Trust Company nor A. Rose ever proceeded "to sell the note at public or private sale, with or without notice," in the case of nonpayment of the $51 note at the maturity thereof, as was provided in the contract indorsing the collateral note to the Miller County Bank & Trust Company. Neither is there any pretense in the evidence that they were "purchasers" of the collateral note as distinctive special property. The plaintiff, J. F. Rochelle, it appears, acquired only the rights of the Bank & Trust Company and A. Rose, and no more. For he acquired, as held by the trial court, and properly so, no rights under the justice court judgment and constable sale, same being absolutely void. And A. Rose disclaimed, as against the claim of the plaintiff, only "all right, title and interest he then held and owned in said notes." The plaintiff relied upon the disclaimer as an admission of his interest and right in the notes, and offered no other evidence in support of it. The plaintiff's rights, then, were shown to be such as of one taking negotiable paper before maturity as collateral security. He was not a purchaser of the collateral note as distinctive personal property. As such conditional holder or pledgee of the collateral

note he was, for all practicable purposes, the owner of it and a bona fide holder for value, and may sue on it and collect it without regard to the equities or dealings between the original parties, A. L. Peterson and Leonard H. Weldon. Article 5935, §§ 51, 52, Rev. Stat.; Liddell v. Crain, 53 Tex. 549; Texas Banking & Ins. Co. v. Turnley, 61 Tex. 365; Hardie v. Wright, 83 Tex. 345, 18 S. W. 615. For the agreed power to sell the collateral note at public or private sale was not exclusive, and did not limit the pledgee to that remedy, but he may enforce the security in the usual manner by suit. Jones on Pledges and Collateral Securities (2d Ed.) § 658, p. 708.

[2] But the plaintiff, as the holder or pledgee of the collateral note, and seeing to enforce it by suit thereon, was not authorized in this case, in view of the particular facts and pleadings, to have judgment enforcing the collateral beyond the actual original indebtedness called for in the $51 note, principal and interest. Weldon, the original payee of the collateral note, and entitled to the surplus above the original debt, expressly admitted that the maker, A. L. Peterson, had fully satisfied him, and that such maker was entitled to be credited on the note with all money above the amount of the $51 note. Such admission of fact and pleading rendered unnecessary the enforcement by the holder or pledgee of the collateral note or the payment to its full amount for the benefit of both himself and the pledgor, Weldon. The plaintiff, as the holder of the collateral note, was relieved thereby of an accounting for the excess of money above the actual indebtedness, and his security could not extend beyond the actual indebtedness evidenced by the $51 note. And under such proof and pleading A. L. Peterson, as maker of the collateral note, was entitled to be protected to the extent of his payments above the $51 note.

[3] The collateral note was not barred by limitation, and it is immaterial that the $51 note was barred, as it was not being sued on.

The judgment is modified so as to allow a recovery on the collateral note in favor of the plaintiff against appellant, A. L. Peterson, for the amount of the indebtedness of Leonard H. Weldon, evidenced by his $51 note, with interest thereon at 10 per cent, from March 2, 1918, to April 19, 1924; otherwise the judgment is in all respects affirmed. The costs of appeal will be taxed against appellee.

Modified and affirmed.