CENTRAL NAT. BANK et al. v. LATHAM & CO. (No. 845.)

Court of Civil Appeals of Texas. Waco. Nov. 14, 1929.

Rehearing Denied Dec. 12, 1929.

Renfro, Ledbetter & McCombs, of Dallas, and Spell, Naman & Penland, of Waco, for appellants.

Tirey & Tirey and Bryan & Maxwell, all of Waco, for appellee.

GALLAGHER, C. J. This appeal is prosecuted by Central National Bank, represented and acting herein by its liquidating committee, but hereinafter called bank, and J. M. Smith, hereinafter called by name, from a judgment awarding the sum of $1,588.35 in the hands of the Gulf, Harrisburg & San Antonio Railway Company, garnishee herein, to Latham & Co., garnishing creditors of Early-Foster Company, judgment debtor. Said Latham & Co. will be hereinafter called appellees.

The record is complicated. No purpose could be served by reciting the same in detail. Judge Sam. R. Scott and W. M. Foster also were parties to this suit, and each claimed the fund in controversy in separate right. They were each denied any recovery by the trial court, and neither of them has appealed. The bank and Smith each claimed in separate right, and each is prosecuting a separate appeal.

Appellant Smith claims $1,507.15 of the fund in controversy as assignee of Early-Foster Company. Said corporation, on and before October 6, 1921, had pending before the Interstate Commerce Commission certain claims against various railroads for overcharges on freight shipped by and to it over their respective lines. One of such claims was against the garnishee, Gulf, Harrisburg & San Antonio Railway Company for a large sum of money. On said last-named date, Early-Foster Company, acting by its president, W. M. Foster, employed Smith to prosecute said claim before said Commission. The original contract was verbal, but was confirmed by an exchange of letters made the same day. The letter of Early-Foster Company to Smith stated, in substance, that it turned over to him said claim "*on a basis of thirty per cent. of the amount you collect; the claim to be payable to us and we to pay you out of what we receive.*" The letter of Smith to Early-Foster Company acknowledged a preceding verbal agreement on the same day to assist in recovering on such claim, and stated, "*In consideration of which, you agreed to pay us thirty per cent. of the amount recovered from the railroads on these shipments.*" (Italics ours.) The sum of $5,023.83 was recovered on said claim. All of such recovery, except said sum of $1,588.35 remaining in the hands of the garnishee, had been appropriated to satisfy a prior garnishment. Smith had nev-

er been paid anything for his services. The garnishee admitted that it was indebted to Early-Foster Company in said sum, and offered to pay the same as directed by the court. It made Smith and said bank parties to said proceeding on the ground that they were each setting up some claim to the fund in its hands.

The bank claims the fund in controversy under a written assignment executed and delivered to it by Early-Foster Company on December 4, 1922. Said assignment recited that it was made as collateral security for all sums then or thereafter owed the bank by the assignor. Thereafter, on April 25, 1923, Early-Foster Company became indebted to the bank in the sum of $2,000, evidenced by its promissory note bearing said date and due on demand. Said note had never been paid. The bank answered in this proceeding and sought recovery of the fund in controversy as such assignee for the purpose of applying the same to the satisfaction of its indebtedness evidenced by said note. No suit was instituted on said note within four years after its date, but the bank answered and asserted its claim to said fund within said period of time.

Appellees Latham & Co., as judgment creditors of Early-Foster Company, claim under garnishment proceedings instituted by them, with due service of writ therein.

A trial to the court resulted in judgment that both Smith and the bank take nothing by their respective suits, and that appellees recover of the garnishee the entire fund in its hands.

### Opinion.

Appellant Smith presents as ground for reversal a single proposition, in which he contends, in substance, that, under his contract with Early-Foster Company, he became the equitable owner of 30 per cent. of the recovery against the garnishee in the proceedings before the Interstate Commerce Commission. The letters exchanged between Smith and the Early-Foster Company have been set out, in substance, above. It appears therefrom that it was agreed that Early-Foster Company was to collect the entire award, if any, made in its favor against said railway company by the Interstate Commerce Commission, and that said Early-Foster Company agreed and promised to pay to said Smith 30 per cent. of the amount so received as compensation for his services. The trial court found that, in making the contract evidenced by said letters, it was not intended or contemplated by the parties thereto that Early-Foster Company should release control of such funds or that Smith should have any lien or claim against the same, but that it was intended and contemplated that said company should collect such funds, and that he should look to it for payment of his stipulated fee as the same were collected by it.

To constitute an equitable assignment, there must be an appropriation of the fund pro tanto, either by an order on such specific fund, or by such a transfer thereof that the holder of the fund is authorized to pay the amount directly to the creditor without the further intervention of the debtor. To state the proposition more succinctly, an equitable assignment can be effected only by surrender of control over the funds or property assigned. Conversely, a mere agreement, whether by parol or in writing, to pay a debt out of a designated fund, is not of itself sufficient; there is lacking the specific appropriation of the fund pro tanto and surrender of control thereof. Davis & Goggin v. State National Bank (Tex. Civ. App.) 156 S. W. 321, 327, par. 1 (writ refused); Patterson v. Citizens' National Bank (Tex. Civ. App.) 236 S. W. 130, 131; Southern Surety Co. v. Bering Mfg. Co. (Tex. Civ. App.) 295 S. W. 337, 340, 341, par. 3; American Cotton Co. v. Simmons, 39 Tex. Civ. App. 189, 87 S. W. 842, 843 (writ refused); 6 C. J. p. 742, § 317. Appellant Smith's contention is overruled, and the judgment of the trial court denying him a recovery herein will be affirmed.

Appellant bank also presents as ground for reversal a single proposition. It contends therein, in substance, that, inasmuch as it held an assignment of the fund in controversy as collateral security for its debt, it was entitled to recover the same and to apply such recovery when collected to the satisfaction thereof, notwithstanding its note evidencing such indebtedness was barred by the statute of limitation at the time of trial. That Early-Foster Company was indebted to the bank in the full amount of said note; that the fund in controversy had been assigned to it as collateral security therefor, and while an action on said note was at the time of the trial herein barred by the statute of limitation, that such action was not barred at the time it answered herein asserting its claim to such fund—were facts not disputed. The court so found. Appellees claimed the right to recover such fund solely on the ground of the service of their writ of garnishment on said railway company. The record shows that such writ was so served long after the execution, delivery, and acceptance of such assignment.

Appellees seek to justify the action of the court in denying appellant bank a recovery on its assignment and in awarding the fund in controversy to them, on the ground that such assignment did not constitute a pledge, that there was no such delivery as to subject the claim assigned to the sole dominion, possession, or control of said bank, and that the bank, having permitted its debt to become barred, could not enforce such assignment to their prejudice as garnishing creditors. The term "collateral security" refers to personal property exclusively, and, in

common parlance, to choses in action. The transaction by which collateral security is delivered by the debtor and accepted by the creditor constitutes a pledge. 11 C. J. 962 (top first column); A. H. Averill Machinery Co. v. Bain, 50 Mont. 512, 148 P. 334, 335, pars. 1 and 2; Winfrey v. Strother, 145 Mo. App. 115, 128 S.W. 849, 850; Turner v. Commercial Savings Bank, 17 Ga. App. 631, 87 S. E. 918, 919, par. 3; 31 Cyc. 786, 787, par. D. The delivery, either actual or constructive, of the property pledged to the pledgee, and his continuous retention of such possession, is necessary to the validity of the pledge. 21 R. C. L. p. 642, par. 10. The general rule is that such delivery should be as complete as the nature of the article pledged will allow. Manual delivery, even where the pledge consists of corporeal personal property, is not necessarily required, but in many such cases a constructive or symbolic delivery of such property has been held sufficient. Id. pp. 644, 645, pars. 11 and 12. Where the property, or, more properly, the collateral pledged is incorporeal, and therefore incapable of manual delivery, as in case of existing debts or other choses in action, a valid pledge thereof may be made by the execution and delivery of a written assignment vesting title thereto in the pledgee. In such cases such transfer of title performs the same office that the delivery of possession does in case of the pledge of corporeal property. Id. pp. 648, 649, par. 13, and authorities cited in note 1. See, also, note to the case of Luckett v. Townsend, 49 Am. Dec. pp. 731, 732, and authorities there cited.

■■ The fact that an action for the recovery of a debt is barred by the statute of limitation does not destroy the debt. The bar affects the remedy only. The right of the creditor to receive payment continues after the bar, and will support a new promise of payment or justify the sale of pledged property by the pledgee under power either express or implied, and the application of the proceeds of such sale to the discharge of such debt. In such cases the debtor cannot enjoin the sale without tendering payment of the debt, notwithstanding such bar. Goldfrank, Frank & Co. v. Young, 64 Tex. 432, 434, 437; W. B. King & Co. v. T. B. & Ins. Co., 58 Tex. 669, 673, 674; Hudson v. Wilkinson, 61 Tex. 606, 609; Fievel v. Zuber, 67 Tex. 275, 279, 3 S.W. 273; Tombler v. Palestine Ice Co., 17 Tex. Civ. App. 596, 43 S. W. 896, 898 (writ refused); Brinkerhoff v. Goree, 35 Tex. Civ. App. 142, 79 S. W. 592, 593. While some of the cases cited involved sales of real estate under deeds of trust to satisfy barred obligations, the rule under consideration is the same in such cases as in the case of sale of pledged property under like conditions.

■■ The holder of collateral security, unless restrained by the terms of his contract of pledge, may sue and recover thereon in his own name and apply the proceeds of his recovery when collected to the satisfaction of his debt. McDaniel v. Chinski, 23 Tex. Civ. App. 504, 57 S. W. 922. He is not required, as a condition precedent to the maintenance of such suit, to reduce his claim against the principal debtor to judgment, or even to sue thereon. Poythress v. Ivey (Tex. Com. App.) 228 S.W. 157, 158, par. 1. Such being the case, his right to recover in a suit upon such collateral obligation is not affected by the fact that an action against the principal debtor on the original indebtedness is barred. Russell v. People's National Bank (Tex. Civ. App.) 2 S.W.(2d) 961 et seq. (writ refused); Murchison v. Davis (Tex. Civ. App.) 4 S.W. (2d) 1016, 1018; Denmark v. Avinger (Tex. Civ. App.) 257 S. W. 970, 971, 972, and authorities there cited; Peterson v. Rochelle (Tex. Civ. App.) 287 S. W. 1105, 1106. While the debts assigned as collateral security in the cases cited were evidenced by notes, we think the rule therein announced applies with equal force where the debt assigned is not so evidenced.

■ The court found the facts necessary to entitle appellant bank to a judgment against the garnishee for the full amount of the fund in its hands to the exclusion of appellees Latham & Co. He refused to render such judgment solely on the ground that the note held by the bank against Early-Foster Company the principal debtor, was barred by limitation. This error of law requires reversal. There being no matter of fact to be ascertained, it is our duty, as between appellant bank and appellees Latham & Co. and the garnishee, Gulf, Harrisburg & San Antonio Railway Company, to render the judgment which should have been rendered below.

The judgment of the trial court denying appellant Smith and appellees Scott and Foster, respectively, any recovery herein, is affirmed. The judgments of the trial court denying appellant bank any recovery and awarding appellees Latham & Co. recovery of the fund in controversy against the garnishee are both reversed, and judgment is here rendered awarding to said bank a recovery against said garnishee of the funds in its hands as aforesaid, and denying appellees any recovery herein.

BARCUS, J., took no part in the consideration and disposition of this case.