## REPUBLIC NAT. BANK OF DALLAS v. COX et al.

### No. 5456.

Court of Civil Appeals of Texas. Amarillo.

June 8, 1942.

Rehearing Denied July 6, 1942.

Eugene DeBogory and Austin S. Dodd, both of Dallas, for appellant.

Leo Tresp, of Dallas, for appellee Sam Roback.

Ivan Irwin, of Dallas, for appellee W. T. Cox, receiver.

STOKES, Justice.

This controversy arose out of a receivership of the Main Lumber Company, a corporation, pending in a district court of Dallas County. On November 29, 1939, Mrs. Mittie McBride entered into a contract with W. L. Morgan, a building contractor, under which Morgan agreed to build a house for Mrs. McBride for a total consideration of $2,000, which included all labor and material necessary for its completion. Mrs. McBride executed to Morgan her note in the sum of $2,000, and to secure the same she executed a mechanic's lien on the house and premises. A few days thereafter Morgan

assigned the note and lien to the Main Lumber Company with whom he had made arrangements to furnish the material and discharge his payroll during the progress of the construction. Morgan made a contract with appellee, Sam Roback, who was in the plumbing supply business, to furnish the material and pay for the labor necessary to install the plumbing called for in the construction contract in consideration of $335.34, one-half of which was to be paid when the plumbing was "roughed-in" and the other half to be paid when the building was completed. Roback "roughed-in" the plumbing fixtures soon after the construction began, and was paid one-half of his contract by the lumber company on behalf of Morgan, the contractor. When the building was completed Morgan called upon the lumber company for a settlement and informed it that he still owed appellee Roback $167.67 for which he requested the lumber company to mail Roback its cheque, which it agreed to do. When Roback called upon Morgan for payment of the balance due him, he was informed by Morgan that the money was at the office of the Main Lumber Company, whereupon Roback requested the lumber company to settle with him. The lumber company informed Roback that it had the money but, for some reason, it did not pay the same at that time. When Roback later called on the lumber company for settlement, he was informed that the matter had been turned over to the Guaranty Abstract & Title Company who would settle with him if he would call upon it. He then called upon the abstract and title company for settlement and was informed that the entire matter had assumed complications which would necessitate some delay.

The record shows that appellant, Republic National Bank of Dallas, was financing the lumber company and that the latter also borrowed about $1,100 from Sam Mittenthal to whom, on January 16, 1940, it assigned by written transfer the McBride note in the sum of $2,000 and the mechanic's lien securing the same. On February 19, 1940, more than a month after the assignment was executed and delivered to Mittenthal, the lumber company executed a written assignment of the note and lien to appellant. The note was due ninety days from date and Mrs. McBride made application to the Lincoln Life Insurance Company for a loan in the sum of $2,000, presumably in order to extend the indebtedness over a longer period of time, and in order to clear

the title to the property the abstract and title company gathered in releases and assignments from the various parties who appeared upon the records as having liens against it. When these were procured, the loan was closed and the life insurance company sent its remittance to the abstract and title company to be distributed among the claimants. All parties admitted the indebtedness of Sam Mittenthal and after his indebtedness was discharged there was left the sum of $868.32. Appellee Roback was making claim to $167.67 of the amount, and his right to collect it out of the proceeds of the loan was disputed by the appellant, which resulted in an escrow agreement by which this amount was deposited in the registry of the court in the receivership case pending final determination of the validity of appellee Roback's claim.

The issues were drawn by proper pleadings as between the appellant and appellees and the case was tried by the court without the intervention of a jury. The trial resulted in a judgment decreeing the disputed fund of $167.67 to appellee Roback, and from it appellant has prosecuted this appeal.

Appellant presents a number of assignments of error and propositions of law which we do not deem it necessary to discuss in detail. The controlling question is raised by its third assignment of error in which it contends that the court erred in directing the clerk to pay to Sam Roback the $167.67 in controversy, and in denying appellant judgment therefor. Appellant contends that it was entitled to the fund by virtue of the written assignment executed and delivered to it by the Main Lumber Company on February 19, 1940, by which the original note in the sum of $2,000 and the mechanic's lien executed by Mrs. McBride to W. L. Morgan purportedly were assigned to appellant as collateral security for its indebtedness. The testimony fails to reveal that at that time appellant had any knowledge of the claim of appellee Roback and it is not shown nor claimed by Roback that he had perfected any sort of a mechanic's lien against the premises. If the assignment or pledge to appellant by the lumber company was valid and effective, it would be justified in its contention. But, in our opinion, the purported assignment was not a valid pledge or bailment to appellant, and its contention can not be sustained.

As we have already stated, the Main Lumber Company assigned the note and lien to Sam Mittenthal on January 16, 1940. It is

not questioned by any of the parties that the Main Lumber Company was indebted to Sam Mittenthal in the amount of $1,100 or more, and while the record indicates the assignment to him was a pledge and the assigned documents constituted collateral security to his indebtedness, yet he procured the title thereto and the record shows he procured possession of the note and retained it until the loan of the Lincoln Life Insurance Company was closed. This fact is established by the unqualified recitals of an escrow agreement executed by appellant on August 28, 1940, and appellant's own witness, E. E. Wallace, Jr., testified that the note was never endorsed to appellant and was never in its possession. The collateral arrangement attempted to be made between the lumber company and appellant, under which the latter claims the fund, could not have amounted to more than an executory contract for a pledge of the securities if and when they were returned to the possession of the lumber company, because the instruments constituting its subject matter were already in the possession of Sam Mittenthal and were never delivered to appellant. Adoue & Lobit v. H. Seeligson & Co., 54 Tex. 593; Riley v. Hallmark, Tex.Civ.App., 180 S.W. 134; First Nat. Bank of Houston v. Campbell et al., Tex.Civ.App., 193 S.W. 197; Central Nat. Bank et al. v. Latham & Co., Tex.Civ.App., 22 S.W.2d 765. Appellant could not have procured an interest in the lien separate from the note because the lien necessarily followed the indebtedness into the hands of Sam Mittenthal, and the Main Lumber Company was without power or authority thereafter to assign or pledge any interest in it to appellant. Moreover, the fund here in dispute constituted no part of the funds of the Main Lumber Company. It was held by that company in trust for appellee Roback under its agreement with Morgan.

The briefs present a considerable controversy over the source of the fund in dispute. Appellant contends it came from the life insurance company, and appellee claims it is an independent and separate fund that was in the hands of the abstract and title company. There is no testimony to the effect that the lumber company paid the money over to the abstract and title company. The evidence makes it very clear that the fund is a portion of the loan made by the Lincoln Life Insurance Company, but, as we have said, appellant acquired no interest in it and, as there is no question but that the Main Lumber Company held this amount out of the money it owed Morgan, the contractor, when it settled with him, the trial court correctly decreed the fund to appellee Roback.

We have carefully examined all of the other assignments and propositions presented by appellant, but since, under the undisputed facts, the court was not warranted in rendering any judgment other than that which was rendered, we do not deem it necessary to discuss them. The judgment will be affirmed.