## TYLER STATE BANK & TRUST CO. v. MONAVILLE INDEPENDENT SCHOOL DIST.

### No. 12144.

Court of Civil Appeals of Texas. Galveston.

Dec. 8, 1949.

Rehearing Denied Jan. 19, 1950.

Pollard, Lawrence & Reeves, Tyler, for appellant.

W. H. Betts and J. C. McEvoy, Hempstead, for appellee.

GRAVES, Justice.

Monaville Independent School District brought this suit against Tyler State Bank and Trust Company, John D. Hardwick, and others, for conversion of a 1946 Model thirty-passenger Chevrolet school-bus, seeking the recovery of the cash market value of the bus, together with interest, or in the alternative, (a) the possession of the bus, together with damages and interest, or (b) the possession of the bus, and the reasonable market value of the use thereof, and for exemplary damages.

The cause was tried before the Court, without a jury, which rendered judgment, upon findings of fact and conclusions of law, thereafter filed in support thereof, for the appellee and against the appellant bank and John D. Hardwick, jointly and severally, for $3,500.00, with interest.

Only Tyler State Bank and Trust Company has appealed.

The most material portions of the Trial Court's findings of both named sorts were substantially these: Findings of fact:

On August 5, 1947, John D. Hardwick, an auto dealer, had in his possession at his place of business in Houston two Ford busses and the Chevrolet bus herein in-

volved. On that day the appellant bank, claiming to have some type of claim upon the busses as collateral, requested of Hardwick that the three busses be removed from his place of business to that of the Carsey Motor Company, some distance away, which request was acceded to by Hardwick. At that time the certificate of ownership to the Chevrolet bus in controversy was in the hands of a Houston bank, being held as collateral for a $1,500.00 loan from the bank to Hardwick.

When the busses were moved, there was a claim by the appellant that Hardwick was indebted to it, but the evidence is silent as to the amount of the claim. The uncontradicted evidence shows that, insofar as the Chevrolet bus in controversy is concerned, the legal and equitable title to the property was in Hardwick at the time it was delivered—that is, to the appellee.

The pleadings and the briefs of the parties raise the issue as to whether or not there was a verbal pledge of the Chevrolet bus by Hardwick to appellant for any indebtedness. There was no actual, exclusive, physical possession of the Chevrolet bus given to the bank, or maintained by it. The transactions hereinafter referred to between Hardwick and the Monaville School District representatives occurred at a time when Hardwick had equal opportunity with the bank to sell the bus. It was understood that Hardwick's right to sell the busses placed on the lot was not impaired, but that the parties agreed that the busses should remain on the lot until his indebtedness was cleared up in some fashion. The three busses were later removed from the lot by the appellant.

The Monaville School District bought the bus from John D. Hardwick for a total sum of $3,995.00, $3,500.00 of which was paid by check subsequently cashed by Hardwick.

Immediately after the 6th of August, Hardwick paid the City National Bank $1,500.00 out of the check, which the Monaville School District had given him, secured the release of the manufacturer's certificate of origin on the bus, and shortly thereafter delivered it to the Monaville Independent School District, signed by Hardwick, and on October 18, 1947, such assignment was completed by being notarized.

When these events occurred and when the payment by the Monaville School District of the check was made, the District's representatives participating in the trade had no knowledge of the existence of any claim by the appellant on the Chevrolet bus, or upon the two Ford busses, nor was there any fact or circumstance known to them that would have put either of the representatives on inquiry.

Whatever agreement may have existed in the nature of a pledge of the Chevrolet bus, same failed to constitute a pledge under the law, for the reason that the exclusive, actual, physical possession of the bus was not taken by the bank from Hardwick, and was not maintained by the bank; at all times it was contemplated by and between Hardwick and the Bank that Hardwick should continue to attempt to sell the busses.

In short, the Court finds that at the time of the purchase of the bus by the School District, the School District was an innocent purchaser for value paid at that time, without notice of any claim of the Bank, and without notice of any fact, which put the District on inquiry, which would have resulted in the disclosure of any such right or claim.

The Bank did not own and had no title to either of these three busses, which would support a vendor's lien, and particularly with respect to the Chevrolet bus, the Bank, according to its own testimony, was a simple, unsecured, creditor of Phillips and of Hardwick. The Bank on the 27th day of October, 1947, took exclusive possession of the three busses and removed them to Tyler.

### Conclusions of Law

The undisputed facts fail to show the pledge, or creation of a lien by pledge, of the Chevrolet bus; the law of pledge requires the exclusive dominion and actual physical possession of the thing pledged, to the exclusion of the ability of the owner to exercise control over it. The Court finds that Hardwick, being the owner, had

the right to sell the bus under the circumstances indicated by the testimony, and having done so, he put the legal and equitable title in the School District; whatever may have been the agreement between the parties as to the rights and liabilities of the parties other than the School District, the manner in which the physical control of the Chevrolet bus was left equally available to the Bank and to Hardwick destroyed the lien, if, indeed, any ever was created.

The Bank could have exercised exclusive dominion and control, and did not do so but put it within the power of Hardwick to sell and give title, and, from all considerations of equity, it should bear the loss occasioned by the failure of Hardwick to pay the consideration, which he had received from the sale of the bus, to the bank.

The Court concludes as a matter of law that the taking by the bank of the possession of the Chevrolet bus constitutes conversion.

Appellant's points of error against the action so adverse to it below may, in brief substance, be thus stated:

The Court erred in finding Hardwick did not give actual exclusive possession of the Chevrolet bus to appellant; that the delivery by Hardwick of the bus in suit to appellant did not impair Hardwick's right to sell it, in that he had an equal opportunity with appellant to so dispose of it; that at the time of the execution and delivery by Hardwick of the manufacturer's certificate covering the bus in suit and at the time the assignment of such certificate was delivered on October 18, 1947, the representatives of appellee had no notice of, nor occasion for inquiring as to, appellant's claim to such bus; that at once after August 6, 1947, Hardwick paid to the City National Bank $1,500.00, etc.; that as between appellant and Hardwick it was contemplated that they would sell the bus, and since appellant failed to do so, etc., it should bear the loss.

The Court erred in holding that appellant has never held a pledgee's lien upon the bus in suit; that appellant was a simple, unsecured creditor of Hardwick; that appellee was an innocent purchaser for value of the bus in controversy, etc.; that on October 27, 1947, appellant took exclusive possession of the bus in question; that appellant converted the bus in question by taking it into possession.

None of these presentments, it is determined, should be sustained. As the foregoing recitations are thought to presage, appellant's whole claim gets down to its contention that at the time the appellee so bought and paid for the school bus it had a valid pledgee's lien thereon for an indebtedness owed it by Hardwick, which was operative against the appellee, and which prevented it from being an innocent purchaser thereof under Hardwick; in other words, it is clear under the practically undisputed state of the record that if the appellant had no such character of lien, it has no case.

For that reason, this court considers that it would be going beyond the requirements for it to at length review the statutes involved, such as the "Certificate of Title Act", and the other related enactments that have underlain our legislation relating to the sale and transfer of automobiles and automobile titles.

Accordingly, this court has fully summarized the comprehensive findings of both fact and law, supra, as made by the trial court, and, insofar as those of fact are concerned, it finds none of them to have been successfully called in question by the appellant upon this appeal; such evidence as appellant adduces in no way undermines the trial court's initially-material finding, for instance that the appellant never retained, nor undertook to exercise, any exclusive right to either sell or possess this school bus, prior to the actual purchase of it for cash by the appellee on August 23 of 1947, as so found by the trial court; in other words, notwithstanding any such potential right the appellant might have had against Hardwick to require him to neither possess nor sell the bus without first getting its O.K. thereon, by the undisputed testimony, as the trial court recited, it did not exercise any such right or rights; hence Hardwick, who was the admitted

owner of the bus at the time of the sale thereof to appellee, then had the unquestionable right to sell it.

To state the matter another way: since appellant had never had prior to Hardwick's sale of it to the appellee, the exclusive possession of the bus, and since in no other way, as the trial court also found on the detailed testimony, had the appellant brought home to the appellee any evidence whatever of its claim to a lien such, for instance, as the notation on the "Manufacturer's-statement-of-origin" of such a claimed lien might have been, there was nothing shown which prevented the appellee from being in fact as well as in law an innocent purchaser of the bus for value, without knowing, or being charged with notice or knowledge, of the existence of any such claimed lien in the appellant.

Our authorities have laid down two settled principles, both of which determine, under the quoted findings of fact that are binding upon this appeal, that appellant had no such lien as it claimed. First, that, for the validity of any such lien, the dominant, exclusive possession of the property must be in the party so claiming a lien thereon. 33 Tex.Jur., at page 685; Central National Bank v. Latham & Co., Tex. Civ.App., 22 S.W.2d 765, 768, err. ref.; 49 C.J. 913, Sec. 37.

In the second place, it is thought that appellant's claim to such a lien cannot be substantiated under the provisions of the "Certificate of Title Act", Article 1436—1 of Vernon's Annotated Penal Code of Texas, as construed by our Supreme Court, in such cases as Motor Investment Company v. Knox City, 141 Tex. 530, 174 S.W.2d 482, and Motor Investment Company v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278.

This for the controlling reason that, as the court's findings and undisputed evidence in this instance showed, no claim of a lien on this bus had been noted on the face of the "Manufacturer's-Statement-of-Origin" thereof.

It would be supererogatory to review those holdings here, where the essential facts necessary to bring this cause under them, and the holdings themselves are so plainly made to appear.

In other words, the vendor of this bus to the appellee, Hardwick, was shown to have had at all times the "Manufacturer's-Certificate-of-Origin" thereto, and appellant bank had never had, nor been entitled to have, the exclusive possession of it, prior to the appellee's purchase; further that the latter, in good faith, bought it from Hardwick, who was then the undisputed owner of the property, and did so without actual or imputed notice of any claim thereto in the appellant bank, or anybody else.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.