B. M. O'BRIEN, et ux., Appellants,

v.

W. D. DOLAN, Appellee.

No. 15864.

Court of Civil Appeals of Texas.

Dallas.

July 14, 1961.

Rehearing Denied Oct. 13, 1961.

Odeneal & Odeneal, Dallas, for appellants.

Bill Stephens and Wynn G. Stanton, Dallas, for appellee.

YOUNG, Justice.

Rule 166–A, Summary Judgment proceedings. On July 8, 1954, Floyd B. Rust and wife, Bobbie Rust, had executed their note payable to order of appellee for the sum of $4,000 and in monthly installments of $200; together with chattel mortgage on certain cafe equipment of "The Branding Iron" located at 2116 Fort Worth Avenue, Dallas, Texas. On August 9, 1959 in connection with purchase of "The Branding Iron" by them, appellants B. M. O'Brien and wife had executed to Floyd B. Rust a note in the principal sum of $7,000, payable at 5% in monthly installments of $100; together with a mortgage on the same equipment located at 2115 Inwood Road, Dallas, Texas. On or about September 1, 1959 Floyd B. Rust had allegedly endorsed this $7,000 note to appellee Dolan as additional security for payment of the $4,000 note previously executed by Rust to Dolan.

On November 30, 1959 plaintiff Dolan sued Floyd B. Rust and wife for a balance due on this $4,000 note; also suing O'Brien and wife on their $7,000 note, theretofore pledged with Rust as collateral security. On December 29, 1959 an interlocutory judgment by default was taken by Dolan against Rust and wife for a balance of $3,889.82 due on the $4,000 note in principal, interest and attorney's fee together with foreclosure of chattel mortgage on the cafe equipment of the business known as "The Branding Iron." The December 1959 judgment further recited that the chattel mortgage "is hereby foreclosed and that an order of sale herein issue to any sheriff or constable of any County in the State of Texas directing him to sell the same as under execution in satisfaction of this judgment; and if the said property * * be insufficient to satisfy this judgment then the officer executing this order shall make the money or any balance thereof remaining unpaid out of any other property of defendants Floyd B. Rust and wife Bobbie Rust * * * ". Appellee later filed motion for summary judgment against the O'Briens which was heard and sustained by judgment rendered of $3,889.82 on July 5, 1960 against them. In this judgment no mention was made of any chattel mortgage foreclosure or credit of proceeds therefrom upon the prior Rust judgment of $3,889.82. From the latter order this appeal is taken.

To plaintiff Dolan's sworn motion for summary judgment was attached his affidavit that the O'Briens' $7,000 note of date August 8, 1959 was endorsed to him on September 1, 1959; "that at the time of receipt of said note, affiant had no knowledge of any infirmity or defect in said note or any reason why said note would not be valid and enforceable against the maker thereof. That said note was endorsed and delivered to affiant for and in consideration of the forebearance of suit by affiant, and that said note was endorsed and delivered to affiant solely as additional collateral

for security of a note executed by the said Floyd B. Rust and wife, Bobbie Rust, under date of July 8, 1954, the terms of which are more fully described in plaintiff's original petition filed herein."

The sworn answer of defendants alleged failure of consideration; that the purchase of the Branding Iron Cafe had been rescinded for fraud and misrepresentations of Rust; title thereto having never passed to defendants; concerning which matter plaintiff or his representatives knew or should have known that defendants had a good defense to their note. In effect, appellants attack the status of appellee as a holder in due course of the O'Brien note as collateral security, invoking Act. 5935, Vernon's Ann.Civ.St. § 56—a bad faith taking of the instrument sued upon.

■ Their single point complains of the trial court's grant of summary judgment "since the pleadings, exhibits and affidavits on file show that material and genuine issues of fact, to-wit, whether appellee accepted appellants' note from Rust in good faith, what other security appellee had for the payment of the Rust note, whether the foreclosure of the mortgage against the personal property was inadequate and insufficient to protect appellee, whether appellee would in fact lose his debt unless permitted to collect the note against appellants, as to all of which issues of fact the appellee would have had the burden of proof." For attack on bona fides of appellee as a holder in due course, appellants point out that the Rust $4,000 note was partially barred by limitation (a considerable part of the installment payments due thereon being more than 4 years in default); also the record notice to Dolan by recordation of the second chattel mortgage on same cafe equipment, that the origin of the $7,000 collateral note was the sale by Rust of mortgaged property. This latter fact (constructive notice) is hardly within the definition of bad faith contemplated by Sec. 56, Art. 5935 as construed in Citizens Bridge Co. v. Guerra, 152 Tex. 361, 258 S.W.2d 64; and suit upon such

collateral obligations is not affected by the fact that an action against the principal debtor on the original indebtedness may be barred by limitation. Central National Bank v. Latham & Co., Tex.Civ.App., 22 S.W.2d 765.

■ In above connection however, the following observations are proper: (1) that the rights of Dolan as holder in due course are protected only to the extent of the indebtedness secured; (2) that appellants have a complete defense to the balance of the $7,000 collateral note; (3) that while Dolan's 1959 judgment against Rust ordered a foreclosure of chattel mortgage against the cafe equipment, yet such foreclosure does not appear to have been effected and credit allowed for proceeds of sale; and (4) that the liability of appellants would be limited to such undetermined balance of the Rust indebtedness and judgment. Controlling of the situation at hand is the principle stated in Blackburn v. Temple National Bank, Tex.Civ.App., 216 S.W.2d 233, 234, viz.: "We think, however, this question is of importance here because even though an innocent holder of a negotiable instrument pledged as collateral security is protected to the extent of the indebtedness secured and existing prior to maturity of such instrument, yet if the instrument is subject to defenses as against the original payee the burden rests upon *such holder* to show: the secured debt has not been paid, the amount due thereon, what, if any, other security is held to secure payment of the debt, and that a necessity exists for collection of the debt out of such collateral security in order to protect the holder from loss. When such proof is made the recovery must be so limited." Citing authorities. (Emphasis ours).

Appellee tacitly admits that the proceeds from sale of the cafe equipment is properly to be credited on the O'Brien judgment and has no objection to the order appealed from "being reformed so as to show credit with the proceeds of such sale." The property listed in the Rust chattel mortgage

appears to be of substantial value. Proof of foreclosure thereof, sale and credit of proceeds should have been included in the December 1959 interlocutory judgment against Rust; but at any rate, the recovery against the O'Briens must be so limited. The summary judgment in question will be reversed and remanded to the trial court for determination of credits; the liability of appellants being limited to balance due on the original obligation of Rust.

Reversed and remanded with instructions.

WILLIAMS, J., not sitting.